## ED. PARKER v. STATE.

### No. 1104. Decided October 25, 1911.

**1.—Burglary—Statement of Facts—Filing.**

Where the record showed that the statement of facts and bills of exception were not filed until after the expiration of the time allowed, the same could not be considered on appeal.

**2.—Same—Bill of Exceptions.**

Where the bill of exceptions did not show what the testimony was which the defendant objected to, the same was insufficient.

**3.—Same—Charge of Court—Circumstantial Evidence.**

Where the court's charge on circumstantial evidence was more favorable than the law required, there was no error.

**4.—Same—Newly Discovered Evidence.**

Where the record on appeal showed no diligence why the alleged newly discovered evidence was not discovered sooner, or what it would be, there was no error.

**5.—Same—Misconduct of Jury.**

Where the alleged misconduct of the jury is not presented by bill of exceptions, it can not be considered on appeal.

Appeal from the District Court of Brazos. Tried below before the Hon. J. C. Scott.

Appeal from a conviction of burglary; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*J. G. Minkert,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was indicted, tried and convicted of burglary and his penalty fixed at three years confinement in the penitentiary.

The cause was tried on September 26, 1910, and the court adjourned for the term on October 10, 1910. The record shows that the court allowed thirty days after the adjournment of court for the filing of bills of exception and statement of facts. The bills of exception and statement of facts, however, were not filed until seventeen days after the expiration of the time allowed. So that we can not consider them.

In the absence of a statement of facts, we can not consider the first to eighth grounds of the motion for new trial, inclusive, and the tenth and eleventh grounds thereof.

There is but one bill of exceptions, which also shows to have been filed too late, but in addition thereto, while it complains of the admission of the testimony of a certain witness, the bill does not show what that testimony was. So that even if it had been filed in time, it would be wholly insufficient to authorize this court to consider it.

The ninth ground of the motion for new trial complains of a portion of the charge of the court on circumstantial evidence. An examination of this charge and the complaint made shows that the portion complained of is as follows: "And unless they (the jury) do so, beyond a reasonable doubt, you will find the defendant not guilty," is in appellant's favor instead of against him and no error is shown.

The twelfth and thirteenth grounds of the motion attempt to set up as a ground for new trial that the appellant has discovered new evidence. No diligence whatever is shown why this was not earlier discovered and none shown attempting to discover it. Besides, there are no affidavits of the purported additional witnesses showing what their testimony will be. Hence, the court did not err in not granting a new trial on that ground.

The last complaint of the motion for new trial is as to the action of the jury. This is not presented by bill of exceptions and hence can not be considered.

There being no error in the judgment, it is, in all things, affirmed.

*Affirmed.*