JOSE PRATA V. THE STATE.

No. 3379.   Decided January 13, 1915.

Rehearing denied February 3, 1915.

**1.—Burglary—Indictment.**

Where, upon trial of burglary, the indictment followed approved precedent, the same was sufficient.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of burglary, the evidence was sufficient to sustain a conviction, although conflicting, the same was sufficient under a proper charge of the court to sustain the conviction.

**3.—Same—Evidence—Property Alleged to Have Been Stolen.**

Where, upon trial of burglary, a State's witness was permitted to testify that certain property was stolen from said burglarized house, although the indictment did not specifically allege that the said property had been stolen therefrom, there was no error. Following Lynne v. State, 53 Texas Crim. Rep., 386, and other cases.

**4.—Same—Evidence—Bills of Exception.**

Where, upon appeal from a conviction of burglary, the bills of exception to certain testimony and the charge of the court were too indefinite and meager to authorize their consideration and failed to point out any error in the ruling of the court, there was no reversible error.

Appeal from the District Court of Taylor.   Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Will S. Payne,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.—Cited cases in opinion.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of burglary and his punishment assessed at two years in the penitentiary.

The indictment follows the statute and is in exact accordance with the form of such indictment laid down by Judge White in his Annotated Code, section 1432, and is clearly sufficient.

The evidence shows that Leal's house was burglarized and a suit of clothes and a target gun stolen therefrom. , One witness testified that appellant was in a certain restaurant in the town of Trent, where the burglary occurred, and asked to know where said Leal was. This witness, in going to his home, accompanied appellant near said Leal's house and pointed it out to him.   He left him, went towards Leal's house and said he was going to see Leal.   A few days later appellant is shown to have traded said gun to Ernest McCright, a boy who lived with his father some few miles in the country from the town where said house was burglarized.   The gun was clearly identified as that stolen from

the house when it was burglarized.  Still a day or two later appellant
was caught at Stamford and at the time was wearing said suit of clothes,
which was identified and surrendered to Leal, the owner.  Appellant
himself admitted on the stand that he had said suit of clothes and gun
in his possession a few days after the burglary, but testified he had
bought them from another Mexican before the burglary.  The court
gave appellant's special charge to the effect that if the jury believed
appellant bought said articles to acquit him; and also gave his special
charge to the effect that if said property was found in his possession but
was stolen from said house and when his possession of the property was
first questioned, he made an explanation as to where he got it which
was probably true, then to find him not guilty unless the State had
proved the falsity of said statement beyond a reasonable doubt.

No objection was made to the court's charge at the time of the trial.

The court did not err in permitting the witness to state that said two
articles of property were stolen from said house, although the indict-
ment did not specifically allege that the said articles had been stolen
therefrom.  Lynne v. State, 53 Texas Crim. Rep., 386; Alinis v. State,
63 Texas Crim. Rep., 371; Moseley v. State, 43 Texas Crim. Rep., 559.

Appellant has these two bills of exceptions:  No. 2.  "Defendant
excepts to the ruling of the court in permitting the witness A. M.
McCright to relate some alleged conversation had between himself and
Sam Leal three days after the alleged burglary:  When said Ernest
McCright told his father that he had traded for a target from a Mexican.
Defendant was not present at the time the alleged conversation was had
between the witness A. M. McCright and Sam Leal, nor the witness
Ernest McCright because the defendant was not present and could not
be bound by any statement made by either party, and because the testi-
mony was not and could not show the defendant's guilt; nor connect
him in any way with the alleged theft; was prejudicial and too remote
to connect this defendant.  Approved and ordered filed as part of the
record in this case.  And was bill of exceptions No. 2 same admitted
only on issue of credibility of said witness and jury so instructed."

And No. 3:  "Defendant excepts to the ruling of the court in per-
mitting the witness George Flourney to testify over the objections of the
defendant to statements made by said defendant while under arrest, the
court further erred in stating that the jury would not consider the
statement so made by the defendant for any purpose only for impeach-
ment, and that they could not consider it for any other purpose; and
the court further erred in making this statement to the jury:  'Gentle-
men of the jury:  If you consider this testimony and also the last ques-
tion asked the defendant, if you should consider it for any purpose you
can not consider it as evidence of guilt against the defendant but it is
introduced only for the purpose—I mean by the State—before you if
you consider it at all, in passing upon the credibility of the witness and
for no other purpose.  You can not consider it for any purpose except
in passing upon the credibility of the witness if you consider it, which

said statement so made by the court left the matter optionary with the jury whether or not they would consider same, when the court should have instructed the jury expressly at the time the question was up that said testimony was not competent testimony as said statements if any was made by the defendant it was while he was under arrest and without being warned, which this record fails to disclose that he was warned, which defendant says was highly prejudicial and was hurtful to his case before the jury. Defendant prays that said bill of exception No. 3 be approved and ordered filed as part of the record of this case. Approved and ordered filed as part of the record in this case. And as. bill of exceptions No. 3, same admitted only on issue of credibility." If this bill had disclosed what said testimony was it might have shown error, for no confession not made in accordance with the statute is admissible even for impeachment purposes. Woods v. State, 36 Texas Crim. Rep., 234; Ferguson v. State, 31 Texas Crim. Rep., 93; Phillips v. State, 35 Texas Crim. Rep., 480, and other cases.

The State objects to the consideration of these bills because they are too indefinite and meager to authorize their consideration. From neither of them can we tell that they show any error in the ruling of the court; but the best we can gather from them as qualified by the court, they show no error.

There is nothing else in the record requiring any notice.

The judgment is affirmed.

*Affirmed.*