ALMER THOMASON V. THE STATE.

No. 10225.    Delivered Oct. 6, 1926.

1.—Aggravated Assault—Variance—Held Immaterial.

Where the complaint charges throughout that "Almer Thomason" committed the assault, and the information charges that "Almer Thomas" committed the assault and further avers that the said "Alver" Thomason was an adult male, their variance was clearly a clerical error which would not authorize a reversal of the case, no injury being shown to the appellant.

2.—Same—Wife as Witness—Cross-Examination—Not Improper.

Where appellant's wife on his trial charged with assaulting her, had testified in his behalf, and had been cross-examined by the state, there was no error in permitting special prosecutor to cross-examine the witness, after her cross-examination by the County Attorney had been concluded. Such matters are left to the discretion of the trial court, and in the absence of abuse, the action of the trial court will not be disturbed.

3.—Same—Wife as Witness—Cross-Examination—No Error Shown.

Where on a trial for an aggravated assault of a husband on his wife, the wife had testified in his behalf denying and explaining the purported assault, it was proper to permit the state to cross-examine her fully as to her explanations and denial of the occurrence.

4.—Same—Bill of Exception—Incomplete—No Error Presented.

Where a bill of exception complains of the action of the trial court in permitting the state to ask appellant's wife on cross-examination as to a conversation between the wife and her mother-in-law, in the presence of a Mrs. Stevens, and such bill does not set out such conversation, same is incomplete and this court cannot appraise its value. Especially so when the bill discloses that both of such witnesses who were parties to the said purported conversation, denied that it had occurred. Following Parker v. State, 63 Tex. Crim. Rep. 464 and other cases cited.

5.—Same—Wife as Witness—Subject to Impeachment.

Where the wife of appellant testifies on the trial, in his behalf, she is subject to impeachment as other witnesses, and there was no error in this case in permitting the state, after the wife had denied making them, to prove by a deputy sheriff contradictory statements made to him by the wife, shortly after the alleged assault.

6.—Same—Evidence—On Cross-Examination—No Injury Shown.

Where the wife of the appellant, testifying in his behalf was on cross-examination asked a question not material, which she denied, and on an attempt to impeach the wife by the state the impeaching witness also denied the fact denied by the wife, no harmful error is shown, although the questions propounded both witnesses were improper.

7.—Same—Evidence—Res Gestae—Properly Admitted.

Where the state was permitted to prove that appellant's mother, very soon after the assault, or while same was being committed was seen running up and down the gallery in front of the dining room, "hollering for help" and "don't kill her," these acts of the mother were res gestae and properly admitted.

8.—Same—Evidence—Harmless Error.

Where a witness on cross-examination is asked an immaterial question, which is improper, but answers the question in the negative, the error is harmless, and presents no ground for the reversal of the case.

9.—Same—Evidence—Impeaching Wife—Properly Submitted.

Where on a trial for an assault committed upon the wife by the husband, the wife testifies in his behalf that he had always been kind to her and that their married life had been pleasant, there was no error in permitting neighbors in close touch with appellant and his wife to testify in contradiction of such statements by the wife.

Appeal from the County Court of Washington County. Tried below before the Hon. J. H. Chappell, Judge.

Appeal from a conviction of an aggravated assault, penalty three months in the county jail.

The opinion states the case.

*W. J. Embrey,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of an aggravated assault upon his wife in the County Court of Washington County, and his punishment assessed at three months confinement in the county jail.

Briefly stated, it was the contention of the state, and evidence was introduced to that effect, that the appellant assaulted his wife in their house and chased her therefrom with a butcher knife in his hand, cursing and threatening to kill her, while she was screaming and asking for protection, all of which was in view of a crowd that had assembled in front of said residence by reason of the commotion or disturbance. The appellant defended upon the ground that when he went into the room where his wife was, she was in the act of taking carbolic acid for the purpose of committing suicide; and that in taking said bottle of acid from the possession of his wife, some of same spilled on her head and face in the scuffle; and that her conduct in running from the house into the crowd and his pursuit for the purpose of getting her quiet and returning to the house were misconstrued by the state as constituting an assault; and that he did not have the butcher knife in question and had no intention of inflicting any injury upon her. The appellant's wife testified on the stand substantially as he did.

At the inception of this case, we are confronted with 24 bills of exception. The appellant contends that the court erred in refusing to instruct a verdict of not guilty on the ground that the complaint charges that "Almer Thomason" committed the assault and that the information charges "Alver Thomason" with the commission of said assault; that there was a variance, therefore, between the complaint and the information. The record discloses that the complaint charges Almer Thomason throughout as being the party committing the assault, and in the information it is charged that Almer Thomason unlawfully committed an aggravated assault upon Pearl Thomason, "the said Alver Thomason then and there being an adult male," etc. It will be observed that the reference in the information to "the

said Alver Thomason" clearly identified and referred back to the appellant, Almer Thomason, and was a clerical or typographical error. We are of the opinion that there is no such error shown as constitutes a variance between the allegations in the complaint and the information, and that the second reference to the appellant in the information was a typographical or clerical error which would not authorize this court to set aside the verdict of the jury, as it is plain that the appellant was not misled by the allegations and no injury was or could be done to him thereby.

Complaint is made in bill of exception No. 1 to the action of the court in permitting the special prosecuting attorney to re-examine the appellant's wife on cross-examination relative to matters that had already been inquired about on cross-examination by the County Attorney. This bill, as presented, shows no error. Such matters are left to the discretion of the trial court, and in the absence of an abuse of discretion this court is without authority to interfere with such ruling.

Bill No. 2 complains of the action of the court in permitting the state to ask the appellant's wife why she was going to take the carbolic acid, and why she wanted to commit suicide, to which she replied that it was on account of being unable to get in communication with her people, that she was feeling bad and was just tired of things. There is no error shown in the admission of this testimony, as the appellant had introduced evidence, through himself and wife, to the effect that she was attempting to commit suicide and that he was attempting to prevent it, and the state was authorized, on cross examination, to explore the defense on this line by asking any questions that would throw light on this issue.

In two bills of exception appellant complains of the action of the court in permitting the state to ask the appellant's wife, on cross-examination, if she didn't have a conversation in the presence of Mrs. Stevens relative to the matter in question, and if the appellant's mother did not attempt to stop her; and to ask the appellant's mother, on cross-examination, if she, in said conversation at said time, did not interfere with appellant's wife and stop her from relating the matters referred to. It is urged that the testimony of both of said witnesses was hearsay, and an attempt to impeach appellant's wife on an immaterial issue. Both of these bills are defective in failing to set out what the conversation was, in order that this court might properly determine the materiality of said testimony. Parker v. State, 63 Tex. Crim. Rep. 464, 140 S. W. 337; Prata v. State, 76 Tex. Crim.

Rep. 60, 172 S. W. 974; Rodriguez v. State, 286 S. W. 226. However, the bills disclose that both of the witnesses denied having any such conversation, and therefore there was no injury shown to the appellant.

In bills Nos. 4 and 15 complaint is made to the action of the court in permitting the state, on cross-examination of appellant's wife, to ask her if she didn't have a conversation with Deputy Sheriff Ewing about the way her husband treated her, all of which she denied; and in permitting the state to prove by said deputy sheriff that when he reached the scene of the alleged difficulty he met the appellant's wife and mother, and appellant's wife told him she could not get along with her mother-in-law, and that they had a fight, and she wanted to go to herself with her husband. This conversation was objected to on the grounds that it was hearsay, failed to connect the appellant with it, was not part of the res gestae, together with many other objections. Bill No. 4 fails to show what the alleged conversation was, without which this court would be unable properly to pass upon the merits of same, and in the absence of a bill showing the facts, the presumption is that the ruling of the court thereon is correct. Edwards v. State, 78 Tex. Crim. Rep. 210, 181 S. W. 195; Baxter v. State, 81 Tex. Crim Rep. 234, 194 S. W. 1107. However, the question complained of was answered in the negative, and we are unable to conceive how any injury resulted to the appellant. There is nothing in bill No. 15 showing that said testimony was not res gestae except the objection urged by the appellant therein, which is insufficient. In order for this court to consider said bill, it would be necessary for same to show, of itself, that the testimony complained of was not res gestae, and in the absence of such showing the presumption is that the court's ruling was correct. However, the appellant's wife having testified, in effect, that no assault was committed and that the disturbance was caused by her husband's effort to prevent her from committing suicide, this evidence of the deputy sheriff was admissible for impeachment purposes. These bills show no error.

Bills 5 and 6 complain of the action of the court in permitting the state, on cross-examination of the appellant's wife, to ask her why Annie Gross, the negro dish-washer or cook, did not take enough interest in her to ask and find out what was the matter with her when she passed through the kitchen crying as a result of the acid burns, to which the witness replied that she didn't know; and to the state asking the said Annie Gross why she did not take enough interest in the appellant's wife to find out what was the matter with her at said time, to which the witness

replied that she didn't know, the objection to said testimony being that it called for a conclusion on the part of each witness and attempted to discredit the appellant's wife on an immaterial issue. The questions propounded to the appellant's wife clearly called for an opinion and conclusion, and of course the undisclosed reasons of the witness, Annie Gross, if any she had, would not be binding upon the appellant. However, since both of said witnesses answered the questions as they did, we are unable to perceive any injury resulting to the appellant and for that reason hold that said bills show no reversible error.

Bill No. 7 complains of the action of the court in permitting Martha Bugg to testify that the appellant's mother was running up and down the gallery in front of the dining room "hollering for help and 'Don't kill her'!" The objection urged to this testimony is that it was not shown to have been in the presence of the appellant. This bill fails to show that it was not res gestae, but tends strongly to show that it was res gestae, and what we have stated with reference to bill No. 15 is applicable to this bill.

Bill of exception No. 10 complains of the action of the court in permitting the state, on cross examination of appellant's mother, to ask her why did the appellant's wife say, "Almer, don't hurt me," when he came up to her. The objection urged to the question was that it called for a conclusion of the witness. We think this contention is correct, but in view of the witness' reply that she did not know because she was not there, the bill fails to show any injury to the appellant.

In bills 16 and 17 complaint is made to the action of the court in permitting the witness, Fay Newsome, to testify that she lived in the house with appellant and his wife and they, referring to appellant and his wife, got along like cats and dogs; and in permitting the witness, Martha Bugg, to testify to the effect that said appellant and his wife got along badly. This evidence was admissible for the purpose of impeaching the testimony of appellant's wife, she having testified in his behalf that he had always been kind to her, and their married life had been pleasant; that they got along all right, and he had never mistreated her during their marriage.

We have carefully examined all the bills of exception and have concluded that none of same shows any reversible error.

The appellant contends that the evidence is insufficient to warrant the conviction; to this we cannot agree. The issue was sharply drawn between the state and the appellant's witnesses,

and the jury accepted the testimony of the state, which decision is, we think, amply supported by the evidence.

Finding no error in the record, we are of the opinion that the judgment of the court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.