## John Lamkin v. The State.

No. 19933.   Delivered November 16, 1938.
Rehearing Denied January 25, 1939.

The opinion states the case.

*J. O. Fitzgerald,* of Memphis, and *Jas. C. Mahan,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is driving an automobile upon a public highway while intoxicated. Punishment is assessed at a fine of $200, and confinement in the county jail for ninety days.

Appellant's first contention is that the evidence is insufficient to justify and sustain the conviction (1) because the proof is insufficient to show that the place where the motor vehicle was operated by him was a public highway; and (2) that the proof is insufficient to show that the place where said motor vehicle was operated was in Hall County.

With reference to appellant's contention that the proof was insufficient to show that the place where the motor vehicle was operated was a public highway, we refer to the testimony of George Martin:

"I live here in Memphis. I am the janitor of the First National Bank here * * *. I am familiar with the location of the City Grocery Store here in Memphis. It is located right across the street from the back door of the bank probably three doors from the back door of the bank. I am acquainted with the defendant * * *. Yes sir, I remember the occasion about the 23d. day of March last year, when there was a collision between his car and some other cars that were parked on the street in front of the City Grocery Store. At the time that happened, I was standing on the steps of the back door of the bank * * *."

Other witnesses testified to the effect that the street upon which the collision occurred was known as Main Street; that a number of automobiles were parked upon said street in front of business establishments. We think the testimony is such that the jury could reasonably arrive at the conclusion that the street where the motor vehicle was operated by appellant was a public highway.

In the case of Pence v. State, 9 S. W. (2d), 348, this court said:

"The term 'street' as ordinarily used is a 'public way or road in a city or village. It is a public thoroughfare and highway; ALL STREETS ARE HIGHWAYS, although all highways are not streets. 28 Cyc., p. 832."

In his brief, appellant relies upon the case of Pence v. State, supra, as an authority in support of his contention.

There is no allegation in the indictment in this case that Memphis was an incorporated city or town. Consequently, the state was not required to prove its' incorporation. If not incorporated, it is noted that the streets of the town would nevertheless come within the term "public highway" as above defined. We therefore overrule appellant's contention in this respect. We do not believe that the opinion in the case of Blackman v. State, 20 S. W. (2d), 783 sustains him.

We think also that the proof is sufficient to show that the place where the motor vehicle was operated was in Hall County. Henderson Smith testified, among other things, as follows:

*"I live here in Memphis. I have lived in Hall County for thirty years.* I am acquainted with the location of the post office building and Roper's Grocery here in Memphis * * * . I remember an occasion along about the 23d. day of March, 1937, when it is alleged the defendant operated a motor vehicle while intoxicated and I remember being near the Post Office Building in Memphis. * * * ." (Follows a recitation by the witness of what he saw of the appellant's movements at the time of the wrecks.)

We think that the above testimony shows that the occurrence took place in Memphis, Hall County as charged.

Furthermore, this court will take judicial knowledge of the fact that Memphis is the county seat of Hall County and is located therein. See Bashara v. State, 84 Tex. Crim. Rep., 263; Monford v. State, 35 Tex. Crim. Rep., 237.

Upon his trial, appellant denied that he was drunk from the recent use of intoxicating liquors on the occasion in question. He testified that he was under treatment of a Dr. Boaz, who had given him Allonal tablets and it was these tablets which produced his condition. Dr. Boaz testified that he had given appellant the tablets, and that they had the same effect as whisky and would make a person drunk. The state introduced evidence to the effect that appellant's breath smelled of whisky at the time of the accident.

It was a controverted issue as to whether appellant was drunk from the recent use of ardent spirits or from the use of the tablets. This issue was properly submitted to the jury, who are the exclusive judges of the credibility of the witnesses and the weight to be given their testimony, and they decided it adversely to appellant.

By bill of exception number one, appellant complains because the district attorney was permitted to prove by H. B. Bennett that appellant was under the influence of something—that it was the opinion of the witness that appellant was drunk. His objection to this testimony was based on the ground that the witness had not shown himself qualified to express an opinion as to his condition at the time. The record shows that the witness, upon hearing the impact of the cars, immediately went to appellant's car; that he saw him leaning over the steering wheel as if asleep. That he did not know whether he was under the influence of intoxicating liquors or not, but that there was something the matter with him—he was under the influence of something—he did not want to say what. However, it was his opinion that appellant was drinking.

We think the objection went more to the weight than to the admissibility of the testimony. See Inness v. State, 106 Tex. Crim. Rep., 524 (526) for a collation of the authorities.

By bill of exception number two, appellant complains of the testimony given by Mr. Anderson, the deputy sheriff, who testified that appellant talked all the way to the jail. That he said he was drunk as hell and wanted to pay off and asked how much it was that he owed him. Appellant's objection to the testimony was that he was under arrest at the time of the alleged statement. We think this comes within the rule of res gestae statements. See Powers v. State, 23 Texas Crim. Rep., 42, 66; Miller v. State, 31 Tex. Crim. Rep., 609, 637.

No error appearing in the record, the judgment of the trial court will be affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—After a re-examination of the record in the light of the motion for rehearing filed by the ap-

pellant, we are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.