## J. L. GOLDSMITH V. STATE.

No. 25134. February 7, 1951.

*Ramey & Ramey,* by *J. R. Ramey,* Sulphur Springs, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The information contained two counts, one alleging that appellant, while intoxicated, drove and operated a motor vehicle upon a public highway, the other alleging that the motor vehicle was driven upon a public highway by appellant, while under the influence of intoxicating liquor.

Both counts were submitted to the jury and appellant's guilt was made to depend upon a finding that he was both in-

toxicated and under the influence of intoxicating liquor at the time.

The jury assessed the punishment at a fine of $50.

The information was not defective in failing to allege or describe the public highway upon which appellant was alleged to have driven the motor vehicle, and appellant's motion to quash because of a failure to give a description thereof was properly overruled. Allen v. State, 149 Tex. Cr. R. 612, 197 S. W. 2d 1013.

A police patrolman of the city of Sulphur Springs, attracted by the manner in which appellant was driving his automobile, stopped him. According to his testimony, appellant was drunk at the time. Witness further testified that appellant staggered when he walked, and that he smelled alcohol upon appellant's breath.

The jury was authorized to believe the testimony of the patrolman, and the facts are therefore sufficient to sustain the conviction.

There was no variance between the allegation of the information that the motor vehicle was driven upon a public highway and the proof showing that the motor vehicle was driven upon a public street, for a "street" is a public highway. Lamkin v. State, 136 Tex. Cr. R. 99, 123 S. W. 2d 662.

Appellant presents several bills of exception, each complaining of argument of state's counsel. The argument complained of violated no mandatory statutory provision, nor was it of such nature as to manifest reversible error, in view of the infliction by the jury of the minimum punishment in this case.

The information alleged and the facts showed that the event out of which the prosecution arose occurred on June 11, 1950. In submitting the case to the jury, the trial court authorized appellant's conviction of the offense charged if such was found to have been committed "on or before the 11th day of June, 1950."

To such instruction an exception was duly reserved as authorizing appellant's conviction at any time prior to the

date fixed in the information and beyond the period of limitation.

It would have been the better practice to use the term, "on or about," rather than "on or before," yet, under the particular facts here presented, we are unable to conclude that reversible error is reflected, especially in view of the fact that there was only one transaction before the jury where the state insisted that appellant, while intoxicated, operated his automobile.

Other bills of exception have been examined and are overruled without discussion.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the court.