JOE H. MIXON V. STATE

No. 27,856. December 14, 1955

*Sam B. Spence*, Wichita Falls, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The offense is driving while intoxicated; the punishment, a fine of $100.00 and three days in jail.

The state's testimony shows that State Game Wardens, Lonnie Ray Wooten and Merle Bond, while driving on a public road in Clay County, met an automobile driven by the appellant on the wrong side of the road; that in order to avoid a collision, Wooten pulled his car off the road, into a ditch and stopped, at which time appellant passed and then angled into a ditch on the opposite side of the road where his automobile stopped alongside a three-foot embankment; whereupon the two officers, upon seeing the car go into the ditch, backed up and went to the appellant's automobile; that they found him lying over on the right front seat with his head over his arm on the door.

In describing the appellant's actions and appearance at the time, Officer Wooten testified that when he went to the car he could smell a strong odor of alcohol; that the appellant's eyes were glassy and bloodshot; that his speech "wasn't hardly audible at all"; that while talking to him about whether he could get the car out of the ditch, appellant kept saying he would bet him a quarter he could; that they found a pint whisky bottle in the front seat of the car which he estimated had some four tablespoons full left in it.

Wooten testified that from his observations of the appellant's actions, looks, and speech, he was intoxicated at the time.

Warden Bond gave substantially the same version of the

appellant's manner of driving down the road and into the ditch as did his fellow officer Wooten, and based upon his observations of the appellant's actions and speech, expressed his opinion that he was intoxicated and did not have the normal use of his physical and mental faculties at the time.

Appellant insists that the court erred in permitting the witness Bond to state his opinion that the appellant was intoxicated and did not have the normal use of his physical and mental faculties, over the objection that a proper predicate had not been laid by the state to show that the witness was possessed of sufficient facts upon which he could base such opinion.

Appellant concedes that a witness may give his opinion as to a person's sobriety when he has observed the person and ascertained sufficient facts upon which to base the opinion, but argues that the witness Bond had not ascertained sufficient facts in his observation of the appellant, because under his testimony, it was shown that he had not smelled liquor on the appellant's breath, seen him walk, or observed the color or expression of his eyes.

The testimony of the witness shows that he had observed appellant driving on the wrong side of the road immediately before his automobile went into the ditch; and in describing the appellant's appearance, actions and conduct after his automobile went into the ditch, the witness testified:

"Q. Did you go over to the car? A. I did.

"Q. Did you hear him talk? A. Well, I heard him. You might call it talk.

"Q. Was there anything unusual about the way he was talking or what he was saying? A. I would think it would be unusual. It appeared to me to be that way.

"Q. What did you notice unusual? A. Mr. Wooten said something to him, 'It looks like you won't be able to get out of here,' and he kept saying, the only thing he would say, 'I will bet you a quarter I can.'

"Q. You say there was something unusual about his talk. Was it what he said, or the way he said it? A. The way he said it.

"Q. How did he say it? A. Kind of a mumble.

"Q. Was he intoxicated at that time? A. He was, in my opinion.

"Q. What do you base that statement on? A. The way he was laying there not trying to move until he tried to start his car. The car appeared to be in gear. He leaned over across the seat and kept punching at the starter.

"Q. How about his speech? A. It was mumbled, anything that he said. The only thing he would say that I could understand was 'I will bet you a quarter I can get out.' "

We think that the testimony of the witness just quoted shows that he had ascertained sufficient facts in his observation of the appellant upon which he could base his opinion, and that the appellant's objection went to the weight of the testimony rather than to its admissibility. See Lamkin v. State, 136 Texas Cr. R. 99, 123 S.W. 2d 662.

Finding the evidence sufficient to support the conviction, the judgment is affirmed.

Opinion approved by the court.