## M. M. LINDSEY V. STATE

No. 34,019.   January 10, 1962
State's Motion for Rehearing Overruled February 21, 1962

WOODLEY, Presiding Judge, dissented.

*W. D. Brown,* Quitman, for appellant.

*James T. Flynt,* County Attorney, Quitman, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for driving while intoxicated; the punishment, 3 days in jail and a fine of $50.

The evidence was undisputed that appellant drove his automobile upon a public highway on the date in question and after

having stopped on the highway, was arrested by Highway Patrolman Kenneth Wagner and taken to jail some twelve miles distant.

The issue of appellant's intoxication was sharply contested.

By informal bill of exception, appellant complains of the court's action in permitting Officer Wagner to relate to the jury a statement made to him by appellant after his arrest and while he was being taken to jail.

The record reflects that while Officer Wagner was being questioned by the state's counsel on his direct examination, the following transpired:

"Q. Now, then, after the defendant was placed under arrest I believe you stated you drove his automobile to town, is that correct? A. That is correct.

"Q. Did you have any conversation with the defendant at any time? A. I did.

"MR. BROWN: Your Honor, we object to any conversation that they had after he was placed under arrest.

"THE COURT: We will sustain that objection.

"Q. (By Mr. Flynt) Mr. Wagner, I will ask you whether or not did the defendant make any voluntary statement to you after he was placed under arrest? Just a minute, Mr. Brown is going to object.

"MR. BROWN: Yes, we object to any statement made by the defendant after he was placed under arrest.

"THE COURT: Overrule the objection.

"Q. (By Mr. Flynt) You may answer that question. A. He did. The way to town, first we talked of two main subjects.

"Q. Only thing you can testify to is any voluntary statement the defendant made.

"MR. BROWN: May our objection go to all this testimony, any statement made after the defendant was arrested out there on the highway, any statement made by the defendant, voluntary, involuntary or force or otherwise. A. He said he would

like to have a drunk charge and he asked if I was going to file DWI and I said yes, and he said could I file a drunk charge, and I said no, and the other thing talked about was the gas mileage on his car * * *."

Appellant insists that the oral statement which he made to Officer Wagner, following his arrest, was in the nature of a confession and should not have been admitted in evidence because it was not made in compliance with our confession statute, Art. 727, V.A.C.C.P.

The state insists that the statement was admissible in evidence as a part of the res gestae. It is further contended, that in the absence of a showing that the statement was not a part of the res gestae, no error is shown under the rule followed by this Court in Garland v. State, 157 Texas Cr. Rep. 4, 246 S.W. 2d 204.

We are unable to agree that the statement was shown to be a part of the res gestae. The record clearly reflects that the statement was made by appellant after his arrest, in conversation with the arresting officer while he was being taken to jail from the scene of the arrest. Under the record, it is shown that the statement was not a part of the res gestae.

In the recent case of Bates v. State, 167 Texas Cr. Rep. 414, 321 S.W. 2d 76, a statement made to the arresting officer, under similar circumstances, was held not to be res gestae and its admission in evidence constituted reversible error.

The admission in evidence of appellant's oral statement to the arresting officer while under arrest, which was in the nature of a confession, was error and calls for a reversal of the conviction. See also Womack v. State, 160 Texas Cr. Rep. 237, 268 S.W. 2d 140 and Brown v. State, 165 Texas Cr. Rep. 535, 309 S.W. 2d 452.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

WOODLEY, Presiding Judge, dissenting.

I am unable to agree that the statement of appellant to the officer was in the nature of a confession or that its admission in evidence is shown to be error.

In Baimbridge v. State, No. 33,737, decided November 15, 1961, we observed that the statement of the defendant: "I will kill you for this" was not in the nature of an oral confession.

In Bates v. State, cited in the majority opinion, the defendant stated that he knew he was drunk but wanted the officer to take him home. The only question in Bates v. State was whether the court erred in admitting the statement as res gestae. The reasons stated in my dissent would be applicable here if appellant's statement was in the nature of a confession.

The opinion reversing the conviction is in conflict with Garland v. State, 157 Texas Cr. Rep. 4, 246 S.W. 2d 204. There Bill of Exception No. 2 complained that Knox, one of the arresting officers, was permitted to testify that he asked the defendant Garland if he had anything to drink, and Garland replied: "I have had a few social drinks." We said: "In the absence of a showing in the bill that the conversation was *not* part of the res gestae, no error was shown." On rehearing it was urged that the statement of the defendant was not a part of the res gestae. Judge Morrison disposed of this contention as follows:

"We have re-examined the bill and find the only grounds of objection set forth therein to be: 'that the oral statements made by the defendant after he had been detained and stopped by the officers were made while under arrest and inadmissible.' It follows that the question of whether the statements were or were not a part of the res gestae was not before the trial court and therefore cannot be raised here."