NERONE HENRY FREEMAN V. STATE

No. 34,169.   January 31, 1962
State's Motion for Rehearing Overruled March 7, 1962

WOODLEY, Presiding Judge, dissented.

*John Cutler,* Houston, for appellant·

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr., Carl E. F. Dally, Carol S. Vance,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for driving while intoxicated; the punishment, 180 days in jail and a fine of $100.

The evidence was undisputed that on the morning in question, shortly before 7 A.M., the appellant, while driving his automobile upon a public street in the City of Houston, drove into the rear of an automobile which was stopped for a traffic light.

The issue of intoxication was sharply contested.

The State's witness, Thelma Lucille Bundy, who was the driver and occupant of the automobile with which appellant collided, testified that she observed the appellant after the collision and expressed the opinion that he was intoxicated.

Officer J. C. Evans, who went to the scene, investigated the accident and placed appellant under arrest, testified that in his opinion appellant was intoxicated.

Testifying as a witness in his own behalf, appellant admitted driving his automobile on the occasion in question and admitted having consumed one beer a short time prior to the collision, but denied that he was intoxicated.

On his cross-examination by State's counsel, appellant denied that he told Officer Evans he had been up all night with his girl companion drinking Ezra Brooks whisky.

Thereafter, Officer Evans was recalled by the State in rebuttal and, over appellant's objection, was permitted to testify that appellant told him at the scene of the collision he had been with the girl all evening and that he had two or three drinks of Ezra Brooks bourbon whisky the night before he was arrested.

Appellant objected to this testimony on the ground that at the time he made such statement to the officer he was under arrest; that the statement was not reduced to writing after proper warning and that it was improper impeachment.

It is the rule in this state that a confession or statement of facts amounting thereto, made by an accused, while in custody or confinement, which would not be admissible as original evidence, may not be used for impeachment. 45 Texas Jur., par. 322, p. 243; Lightfoot v. State, 117 Texas Cr. Rep. 515, 35 S.W. 2d 163; Click v. State, 118 Texas Cr. Rep. 404, 39 S.W. 2d 39; Lera v. State, 138 Texas Cr. Rep. 127, 134 S.D. 2d 248; Ely v. State, 139 Texas Cr. Rep. 520, 141 S. W.2d 626 and Pierson v. State, 145 Texas Cr. Rep. 388, 168 S.W. 2d 256.

Appellant's oral statement to the officer was in the nature of a confession and was clearly shown to have been made while he was under arrest. The statement was not made in compliance with the confession statute, Art. 727, V.A.C.C.P., and was inadmissible as original evidence. Its admission in evidence for the purpose of impeachment was error and prejudicial to appellant.

We are unable to agree with the State that no reversible error is presented because at the time appellant objected to the testimony it was not shown that he was under arrest when the statement was made and when it was later shown that he was under arrest, appellant did not move the court to withdraw the testimony. An examination of the record reflects that when appellant objected to the testimony the evidence did show that he was under arrest when such statement was made.

Nor do we agree that no error is shown because the record fails to reflect that the statement was not res gestae. The record shows that it was some fifteen minutes after the accident before Officer Evans arrived at the scene. Appellant was thereafter in custody of the officer for an hour at the scene of the collision. It was during this time that appellant, in conversation with the officer, made the incriminating statement to him. Under the record, the statement was not res gestae.

For the error pointed out, the judgment is reversed and the cause remanded.

Opinion approved by the Court.

WOODLEY, Presiding Judge, dissenting.

The fact that appellant was under arrest when he made an oral statement at the scene of the accident would not alone render such statement inadmissible.

In the absence of a showing in the bill that the statement was not admissible as res gestae, reversible error is not shown. Garland v. State, 157 Texas Cr. Rep. 4, 246 S.W. 8d 204. Reference is also made to the writer's dissent in Lindsey v. State, (p. ____, this volume), and Bates v. State, 167 Texas Cr. Rep. 414, 321 S.W. 2d 76, there cited.