Charles Grafton WARREN, Appellant,

v.

The STATE of Texas, Appellee.

No. 35691.

Court of Criminal Appeals of Texas.

May 8, 1963.

C. O. McMillan, Stephenville, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for driving while intoxicated; the punishment, seven days in jail and a fine of $200.

The proof shows that on the day in question City Marshal Clarence Bearden, of Mingus, received a call between 6 and 6:30 o'clock, p. m., that there had been a wreck on State Highway 108 between Mingus and Strawn in Palo Pinto County. In response to the call, Officer Bearden went, in company with his son, to the scene—which was 1.3 miles west of Mingus. When they arrived some five minutes after receiving the call, the appellant was leaning against a Chevrolet pickup truck out in a field about fifty yards from the highway. Tire marks and other physical evidence indicated that the pickup had run off the highway and had torn down a fence and struck the corner of a house and a cistern before coming to rest in the field.

After talking to appellant, Officer Bearden drove to Strawn to secure the assistance of Constable Ben Bradford. The son remained at the scene with appellant. Ten or fifteen minutes later Officer Bearden returned with Constable Bradford and City Marshal D. C. Goforth, of Strawn. When they arrived, appellant was standing by the house twenty or twenty-five feet from the pickup. The officers described appellant's actions and demeanor and expressed their opinions that at such time he was intoxicated.

The proof further shows that State Highway Patrolman Charles D. White came to the scene around 7:30 o'clock, p. m., which was twenty-five or thirty minutes after Constable Bradford and the other officers arrived. At such time, Officers Bearden, Bradford, and Goforth were at the scene with appellant.

Patrolman White testified that after he arrived appellant approached him and "I asked him if he was driving" and "He said yes."

Appellant timely objected to the testimony on the ground that at the time such statement was made to the officer he was under arrest; that he had not been duly warned and the statement was not reduced to writing; and that such statement was not admissible as res gestae.

Appellant's objection was by the court overruled, upon the state's contention that the statement made by appellant was admissible as a part of the res gestae and, further, that it was not shown that he was under arrest when he made the statement.

We are unable to agree with the state's contention that appellant was not under arrest when he made the statement to the highway patrolman.

■ Constable Bradford testified that he would not have permitted the appellant to leave the scene after he found him walking around in an intoxicated condition. He further testified that he "would have held him there" and did do so. Under the constable's testimony appellant was under arrest at the time Patrolman White arrived upon the scene and when appellant made the statement to him. Nolen v. State, 9 Tex.App. 419, and Bonatz v. State, 85 Tex. Cr.R. 292, 212 S.W. 494.

■ We do not agree that appellant's statement to the patrolman was admissible as a part of the res gestae.

While, as stated in Bates v. State, 167 Tex.Cr.R. 414, 321 S.W.2d 76, the time within which statements may be regarded as res gestae is not related to any definite or fixed time, it is always an element to be given consideration. Under the record in the present case, appellant's statement to the highway patrolman was shown to have been made at least an hour after the accident and when Officer Bearden first talked to him at the scene and twenty-five to thir-

ty minutes after Constable Bradford arrived and placed him under arrest.

■ The improper admission of such statement in evidence, which was in the nature of a confession, calls for a reversal of the conviction. See: Bates v. State, supra; Lindsey v. State, Tex.Cr.App., 353 S.W.2d 444; and Freeman v. State, Tex. Cr.App., 354 S.W.2d 141.

We have considered the cases of Lamkin v. State, 136 Tex.Cr.R. 99, 123 S.W.2d 662, Fowler v. State, 162 Tex.Cr.R. 513, 287 S. W.2d 665, and Suiter v. State, 165 Tex.Cr. R. 578, 310 S.W.2d 81, where statements made by the accused were held admissible as res gestae, but we do not consider them here controlling under the facts presented.

■ Upon another trial, in the absence of direct evidence that appellant was the driver of the pickup, upon proper request being made a charge on circumstantial evidence should be given.

The judgment is reversed and the cause is remanded.

Opinion approved by the court.