**Winfred GREGORY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38720.**

Court of Criminal Appeals of Texas.

March 9, 1966.

Rehearing Denied May 4, 1966.

Benton Musslewhite, Lufkin, Marion Holt, Nacogdoches, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is aggravated assault; the punishment, 12 months in jail.

Appellant was indicted for assault with intent to murder, but only aggravated assault was submitted to the jury. This 360 page record may be fairly summarized, as did appellant's counsel in his argument before this Court, by stating that the State's witnesses recount a brutal unprovoked attack with his fists by a subordinate upon his immediate superior during the course of their employment which resulted in serious injuries to the superior, while the appellant's witnesses testified to facts that would indicate that appellant was justified in making such attack. The issue of self defense was fairly submitted to the jury and was decided adversely to appellant by them. We have carefully reviewed the record and have concluded that the facts, some of which will be set forth in our discussion of appellant's contentions on appeal, are sufficient to support the verdict.

Appellant's primary claim for reversal is that the court erred in failing to declare a mistrial following the asking of

a question by the prosecution which appellant asserts sought to elicit information about what he may have said to an officer while under arrest. Appellant's counsel skillfully hangs his hat upon the decision of this Court in the first of the three Lera cases [Lera v. State] which appears in 138 Tex.Cr.R. 127, 134 S.W.2d 248. It was there held that the following question of an assistant county attorney, standing alone, constituted grounds for reversal. It was, "Isn't it a fact that you told Mr. Theobald (the County Attorney) and me down at the police station on the night of the killing that you did not know how it happened?" The questions in the case at bar are as follows:

"Q. I want to ask you a question. Have you ever told anybody that what happened in this case was that when Mr. Nicholson turned that key off you got mad and you hit him and you beat him and you don't know how long you beat him and you don't know why. Have you ever told anybody that?

"A. No, sir.

"Q. You haven't. I will ask you specifically if you told Mr. Smith Parmer seated right yonder that that was what happened? You know Mr. Smith Parmer, don't you?"

The last question was not answered, and following an objection made in the absence of the jury, the court instructed the jury as follows:

"The Jury will be instructed by the Court at this point that you shall not consider for any purpose in this case the last question propounded to this witness or any answer, if any."

The question in Lera, supra, itself shows that the accused was in custody at the time inquired about.

Appellant pitches his claim that he was in custody at the time of the statement alluded to by the prosecutor upon Smith Parmer's earlier testimony when being questioned by appellant's counsel, which was as follows:

"I was over there the day he was brought in and talked with him jointly with other officers pertaining to this here."

We have searched the record in vain and fail to find any testimony by Parmer in support of appellant's claim that this was the last time Parmer talked with appellant prior to trial. The assault took place on March 31, 1965, and the trial began on May 19, 1965. Appellant was at liberty on bond prior to trial.

Lera, supra, has been cited in the following cases. In Ely v. State, 139 Tex.Cr.R. 520, 141 S.W.2d 626, the District Attorney asked the accused if he did not make a statement to him in Monahans on the day he was arrested. In Freeman v. State, 172 Tex.Cr.R. 144, 354 S.W.2d 141, the accused was asked if he had not told the arresting officer certain things, and then the officer was called to prove that he had.

It was apparent in both of the foregoing cases that the accused was under arrest at the time when he is alleged to have made the statements.

Later in Case v. State, Tex.Cr.App., 374 S.W.2d 675, we were careful to point out that the question propounded did not seek to elicit any information as to what the accused had said while in custody.

We are not inclined to extend the rule in Lera by assuming, without facts to support it, that the prosecutor was referring to the time Parmer talked to appellant following his arrest.

■ Appellant next contends that the court erred in permitting the prosecutor to impeach appellant on immaterial matters and relies upon Driehs v. State, 164 Tex.Cr. R. 455, 301 S.W.2d 123. As stated, the trial in the instant case was for assault with intent to murder, and appellant filed his application for suspended sentence. This put

his reputation in issue and it remained in issue until the court charged the jury. Appellant's counsel, who evidently had not been told the entire truth by his client, asked appellant if he had ever been arrested for fighting or affray, and he answered that he had not. He further told the jury that the only trouble he had had with the law was for drinking.

On cross examination, he was asked if he had ever told Officer Parmer during the course of an arrest that he would have to kill him (appellant) in order to take him. No objection was interposed to such question, and it was answered in the negative. He was further asked without objection if he had not paid a fine for assaulting a woman, Willie Joan Carter, and he replied that he had paid a fine, but had not assaulted the woman. He was also asked without objection if he had not paid a fine for resisting arrest, and he replied that he had paid the fine.

In rebuttal Parmer was called and was asked if appellant had ever told him that it would be necessary to kill him (appellant) in order to arrest him. Upon objection, the State withdrew the question; it was not answered, and appellant did not move the court to instruct the jury not to consider the question. Officer Roebuck was also called in rebuttal and asked if appellant had plead guilty for resisting arrest and simple assault on Willie Joan Carter. Both questions were answered in the affirmative prior to any objection being made and when requested, the court instructed the jury that they were to consider such evidence only on the issue of reputation and not on the issue of innocence or guilt. Appellant apparently was satisfied with this instruction because he asked the court for no further relief. We find no reversible error in the above.

Appellant's last contention is that the court erred in permitting the prosecutor to question appellant about previous arrests from a sheet of paper in his hand. The record reflects that the jury were retired when counsel indicated that he wished to make an objection in their absence, and it was then developed that the prosecutor was fifteen feet away from the jury and was preparing to question appellant from a piece of paper six inches long and six inches wide. At the conclusion of the discussion in the absence of the jury, the court instructed the prosecutor "not to display any sheet that might be inferred by the Jury as a record sheet", and no further display appears to have occurred. Under these circumstances, we find no reversible error.

No reversible error appearing, the judgment is affirmed.