**Gene Augustus MULLINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41107.**

Court of Criminal Appeals of Texas.

March 13, 1968.

D. C. Gandy, Fort Worth (by Appointment), for appellant.

Frank Coffey, Dist. Atty., Gordon Gray and Wayne Roberts, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is burglary of a private residence at night; the punishment, 15 years.

The indictment alleged the burglary of the private residence of Riland Martin in White Settlement, Tarrant County, Texas, on or about October 19, 1966.

The state's evidence shows that Mr. Martin was away from his home between 8 and 8:45 P.M. on said date and when he returned the glass door in the garage was broken and a color television set, some clothing and food, and $150.00 in money were missing. Some of the property was located in appellant's house in Weatherford, Texas.

Appellant made a written confession, which was found by the court to have been voluntarily made after proper warning, in which he confessed to the burglary charged and four others.

Appellant's first ground of error complains of the admission into evidence of "that portion of the confession admitting other offenses."

When the confession was offered, and after the court had found that it was voluntarily made, the court admitted only the portion thereof which related to the offense for which appellant was on trial.

After the state had rested, appellant, as a witness in his own behalf, repudiated his confession and testified that he had never entered anybody's house unless he was invited: "I have not and I won't."

The state was thereafter permitted to introduce the portion of appellant's confession in which he confessed to the other four burglaries of private homes.

█ The confession being otherwise admissible as the voluntary confession of appellant, the portion of the confession relating to other burglaries became admissible for impeachment of his testimony inconsistent with his confession. McCormick & Ray, Texas Law of Evidence, Vol. 1, 2d Ed., Sec. 696.

In Freeman v. State, 172 Tex.Cr.R. 144, 354 S.W.2d 141, cited by appellant, it was pointed out that the oral statement of appellant while in custody was not admissible as original evidence because it was not made in compliance with the statute.

█ The rule that a confession made by the accused while in custody which would not be admissible as original evidence may not be used for impeachment has no application to a portion of a written confession admissible as original evidence which is excluded as original evidence under another rule, such as that it shows an extraneous offense.

Ground of error No. 2 complains of the admission of evidence obtained as the result of arrest without warrant and without probable cause.

No item of stolen property was introduced in evidence.

█ We do not agree that appellant's written statement, which included a list of the personal property he confessed to having acquired in the burglaries, constituted evidence obtained as the result of an arrest.

We note further that Mrs. Martin testified without objection that she identified some of her missing property at appellant's home a month after the burglary, at which

time appellant and his wife were present; and evidence was admitted without objection that appellant's wife had pleaded guilty to the burglary.

Ground of error No. 3 complains that the evidence is insufficient to sustain the conviction because prior to signing the confession the defendant was not carried before a magistrate who had informed the defendant of the accusation against him.

This ground of error is predicated upon the fact that, in warning appellant, the magistrate informed him that he was charged with the crime of burglary of a private residence, but did not tell him that he was charged with the crime of burglary of a private residence *at night*.

The record reflects that at the time appellant was brought before the magistrate to receive the warning provided by Art. 15.17 Vernon's Ann.C.C.P., no complaint or affidavit had been filed charging him with the burglary.

The contention that the failure of the magistrate to inform appellant that the burglary of a private residence of which he was accused was a night time burglary rendered the evidence insufficient to sustain the conviction is without merit.

The remaining ground of error raised the contention that the court erred in permitting Mrs. Martin to testify over defense objection because her name was not listed on the indictment as a potential witness.

Art. 20.20 V.A.C.C.P. provides that the attorney for the state shall endorse on the indictment the names of the witnesses upon whose testimony it was found.

While such endorsement may be compelled by motion (Jacobs v. State, 35 Tex.Cr.R. 410, 34 S.W. 110) the testimony of a witness will not be excluded because his name is not endorsed on the indictment. Pruett v. State, 114 Tex.Cr.R. 44, 24 S.W. 2d 41, and cases cited.

The judgment is affirmed.