Walter Robert LINZY, Appellant,

v.

The STATE of Texas, Appellee.

Billy Ray ARMSTRONG, Appellant,

v.

The STATE of Texas, Appellee.

Winston LaSalle WRIGHT, Appellant,

v.

The STATE of Texas, Appellant.

Nos. 44697–44699.

Court of Criminal Appeals of Texas.

March 15, 1972.

Rehearings Denied May 3, 1972.

Melvyn Carson Bruder, Dallas (on appeal by appointment), for appellants.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

These are appeals from convictions of robbery by assault. The three appellants were tried jointly and punishment was assessed by the jury at sixty years for each of them.

The record reflects that appellants were identified as the persons who robbed, at gun point, a Tom Thumb Grocery store on Inwood Road, in Dallas, on December 11, 1969. After taking approximately Eleven Hundred Dollars, the appellants ordered the employees of the store to lie on the floor. A thirteen year old school boy testified he saw three men running from said store toward a blue Cadillac on the date in question.

The sufficiency of the evidence is not challenged.

Appellants complain of the State's argument at the guilt phase of the trial contending that it had the effect of injecting facts into the record without appellants having the right of confrontation under Amendment VI, of the U. S. Constitution, and further, that such argument inferred that the jury had not heard other evidence which would help establish the guilt of the appellants. Appellant Wright complains

that the argument suggests that appellant was engaged in an extraneous offense at the time of his arrest.

The complaint of appellants goes to the following argument of the State:

"He said he saw three coming around the bend there, ladies and gentlemen, and in Marshall, Texas, the very next night this Yancey man who I submit to you, and it's a reasonable deduction from the evidence, could very well have been the man out there in the car and Winston Wright, who is Don White on December the 12th, Robert Armstrong, Billy Ray Armstrong, and Walter Robert Linzy, they were in Marshall circling a supermarket in a Cadillac, '69 Cadillac. That's what the officer testified to, and that's where the testimony had to end, for reasons that we can't go into."

Objection was made to the argument by appellants; "I object to the reason the testimony had to end." The objection was sustained and the jury instructed to disregard the same. Appellant's motion for a mistrial was overruled.

Officer Cox, of the Marshall Police Department, had testified that on December 12, 1969, he stopped the appellants along with a man named Yancey in a blue Cadillac after he observed the car going around the block of a shopping center in Marshall which contained a Buddie's Super Market.

"It is the duty of trial counsel to confine their arguments to the record; reference to facts that are neither in evidence nor inferable from the evidence is therefore improper." 56 Tex.Jur.2d, Trial, Sec. 271, p. 631.

In Mims v. State, Tex.Cr.App., 466 S. W.2d 317, the prosecutor argued, "The unfortunate thing is that you people don't get to know what we know, so you have to use common sense when you come into the jury box." In Mims, this Court said:

"While it is never proper for a prosecutor to imply to the jury that he knows more about the accused than the jury has been told, we do not conclude that the error is reversible under the circumstances presented. While such an argument was improper, no statute was violated and no new and harmful fact was injected in this case. Such is the test set forth in Vineyard v. State, 96 Tex.Cr.R. 401, 257 S.W. 548."

While the objection was overruled to the State's argument in Mims, in the instant case, the court sustained appellants' objection and promptly instructed the jury to disregard the argument complained of.

We cannot condone the type of argument which implies facts which are not in the record, however, in the instant case, after reading the argument in the context in which it was made, and in view of the Judge's prompt instruction to disregard after appellants' objection, we conclude that the error does not require reversal.

■ Appellant Wright contends the court was in error in allowing a witness to testify in behalf of the State when said witness's name had not been listed on the indictment.

This contention is neither briefed nor discussed by appellant and, therefore, presents nothing for review. Art. 40.09, Sec. 9, Vernon's Ann.C.C.P.

■ Further, while the endorsement of the name of a witness upon whose testimony an indictment was found can be compelled by motion, the testimony of a witness will not be excluded because his name is not on the indictment. Jenkins v. State, Tex.Cr.App., 468 S.W.2d 432; Mullins v. State, Tex.Cr.App., 425 S.W.2d 354.

Finding no reversible error, the judgments are affirmed.

Opinion approved by the Court.