FREDERICK ERNEST WILLIAMS V. THE STATE.

No. 23062. Delivered February 7, 1945.
Rehearing Denied (Without Written Opinion) March 28, 1945.

The opinion states the case.

*Ross Hardin,* of Fort Worth, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is burglary of a private residence in the night time with intent to commit rape. The punishment assessed is confinement in the state penitentiary for a term of ten years.

The record reflects that on the night of June 3, 1944, some one entered the bed room of Ira Nelson and wife by taking a screen from a window and then raising the window so as to permit him to enter. Just immediately preceding the entry, Mr. Nelson had arisen from his bed, switched on the light in their bed room and walked through another room to the bath room, leaving his wife asleep. Soon after he had entered the bath room he heard his wife scream. He immediately proceeded to the bed room and saw a negro making his escape from the room. Mrs. Nelson got a good view of the negro while he was endeavoring by force to have carnal knowledge of her. Some days later, while driving in her automobile on the streets of Fort Worth, she saw her assailant driving a taxi. This matter was reported to the officers. R. E. Dysart, Captain of the Traffic Division of the

Police Department, summoned all negro taxi drivers to appear at his office with their license. Many of them appeared, some on Thursday and a few on Friday, but appellant did not appear. On Friday morning, when he had not appeared, Captain Dysart had a telephone conversation with him and told him to appear at the office the next morning, which he did. Mrs. Nelson, who was in the office at the time, recognized appellant as the negro who had assaulted her on the night in question. She said that she would remember his face to her dying day.

Appellant's plea was an alibi, which he supported by several witnesses. Thus, it will be noted that an issue of fact was raised by the evidence, and this issue was decided by the jury adversely to him.

Appellant brings forward seven bills of exception, each of which relates to the testimony of Captain Dysart with reference to summoning taxi drivers to appear at his office with a view of examining their license to operate taxicabs in the City of Fort Worth. It appears from the record that appellant first entered the subject by inquiring of Mrs. Nelson, on cross-examination of her, if she did not go to the office of Captain Dysart on several successive days prior to Saturday, June 17th and sit behind a desk as if she were employed there as a secretary and observe the negro taxi drivers as they appeared in response to a summons from Captain Dysart. It occurs to us that appellant having first opened the subject of the inquiry, the State was within its legal right to have Captain Dysart explain his purpose in having the negro taxi drivers appear at his office, as well as the object in having Mrs. Nelson present for the purpose of identifying her assailant if she could do so. The bills are all qualified by the trial judge who states in his qualification thereof that Captain Dysart was only called as a witness after appellant had concluded his evidence and rested his case; that the matters complained of in the bills of exception were originally gone into and developed by appellant on cross-examination of Mrs. Nelson and therefore became a proper inquiry by the State. These bills, as thus qualified, fail to reflect any reversible error.

From what we have said, it follows that the judgment of the trial court should be affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.