SEBURN CLINE V. STATE

No. 28,158. March 21, 1956.

Appellant's Motion for Rehearing Denied
(Without Written Opinion) May 2, 1956.

*Cliff Tupper*, San Angelo, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for driving while intoxicated; the punish-ment, three days in jail and a fine of $100.

No statement of facts accompanies the record.

By Bill of Exception No. 2 appellant contends that the trial

court erred in permitting Officer Powell to testify that after he stopped appellant, while he was driving his automobile, the appellant stated to him that he had had a drink, over his objection that the appellant was then under arrest.

The bill reveals that Officer Powell observed appellant operating an automobile which was weaving in and out of traffic, stopped him, asked for his "drivers license," and at which time the appellant stated to him that he had had a drink.

The trial court certifies in this bill as follows:

"The testimony showed that immediately after Sergeant Powell of the Colorado City, Texas, Police Force had stopped defendant's automobile, he walked to the defendant and asked him for his driver's license; the question asked by the State was what Powell said to the defendant, Seburn Cline, and what defendant said to Sergeant Powell, while defendant was sitting in his car at the time; counsel for defendant objected; the State then asked Sergeant Powell the further question as to whether he was making only a routine investigation at this time and then the Sergeant answered that he was; whereupon the Court then permitted Sergeant Powell to answer the question, which was that defendant had had a drink."

It is not necessary to determine whether appellant was under arrest as the statement appears to be res gestae of the transaction and as such is admissible in evidence. 18 Tex. Jur. 312, Sec. 193; Lamkin v. State, 136 Tex. Cr. R. 99, 123 S.W. 2d 662; Watkin v. State, 239 S.W. 2d 107; Garland v. State, 157 Tex. Cr. R. 4, 246 S.W. 2d 204.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.