J. J. SUITER V. STATE

No. 29,470. February 12, 1958.

No attorney for appellant of record on appeal.

*Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for driving while intoxicated; the punishment, 45 days in jail and a fine of $200.00.

The state's testimony shows that the appellant drove his automobile upon a public street and highway on the date alleged and while being pursued by Highway Patrolman Calvin Harrell was stopped by city officers Howell and Burleson at 19th Street and Avenue S in the city of Lubbock. A search of appellant's automobile revealed a half pint whiskey bottle, practically empty, on the floor board and an empty beer can under the front seat.

Patrolman Harrell and the two city officers were called as witnesses by the state.

In describing the appellant's actions and appearance at the scene after being stopped, the officers testified that they could smell an alcoholic beverage on his breath; that he staggered when he walked, his eyes were glassy, his speech very incoherent and each officer stated that in his opinion the appellant was, at such time, intoxicated.

As a witness in his own behalf appellant admitted driving the automobile on the night in question and having consumed the whiskey from the bottle found in the car. He also admitted that he had been under influence of the whiskey earlier in the evening but had "sobered-up" prior to being arrested. Appellant further testified that he suffered from phlebitis in the leg which affected his normal walk and also had a ruptured disk in his back which caused difficulty in his walking.

Upon being called as a witness, appellant's wife corroborated his testimony relative to the condition of his leg and back and the effect upon his nervous condition and manner of walking.

The jury chose to accept the state's testimony and reject that

of appellant and we find the evidence sufficient to sustain their verdict.

By Bill of Exception No. 1 appellant complains of the court's refusal of his request to take the state's witness, Patrolman Harrell, on voir dire examination outside the presence and hearing of the jury for the purpose of making an objection to his testimony. The bill reflects that the objection which the appellant desired to make to the witness' testimony was that he could not identify the appellant and the car in which he was driving as the person and automobile with which he first came in contact. The manner of examining the witness was a matter within the discretion of the trial judge and we find no abuse of discretion or injury to appellant in refusing the request.

By Bill of Exception No. 2 appellant complains of the court's action in permitting Patrolman Harrell to relate a portion of a conversation he had with appellant at the scene of his arrest over the objection that appellant was under arrest and no predicate had been laid. Appellant's statements to the patrolman in the conversation at the scene following his arrest were admissible as a part of the res gestae. Cline v. State, 163 Texas Cr. Rep. 141, 289 S.W. 2d 291 and Bedwell v. State, (page 143, this volume), 305 S.W. 2d 372.

Bill of Exception No. 3 relates to the court's action in overruling appellant's objection to a question propounded to Officer Burleson on redirect examination by state's counsel as to whether he had ever stopped a drunk "out here driving in Lubbock that was not weaving" and permitting the officer to testify that he had. Appellant objected to the question on the ground that it was purely hypothetical and had no connection with the case.

The record reflects that on cross-examination of the witness, appellant had elicited from him the fact that appellant's automobile was not weaving before he stopped it and that one of the factors or tests that an officer looks to determine a drunk driver is his manner of driving and that as an officer he was always on the lookout for an irregular weaving type car.

Appellant, having gone into the matter on cross-examination, authorized the state, on re-direct examination, to make further inquiry into the matter. 44 Texas Jur. par. 173, page 1187; Trammell v. State, 145 Texas Cr. Rep. 224, 167 S.W. 2d 171 and Williams v. State, 148 Texas Cr. Rep. 263, 186 S.W. 2d 251.

Bill of Exception No. 4 complains of the court's refusal to permit appellant to exhibit his leg to the jury for the purpose of corroborating the testimony of the other witnesses as to its condition. The phlebitis condition of appellant's leg was shown by the evidence and was uncontroverted; therefore we perceive no injury to the appellant from the court's refusal to permit appellant to exhibit his leg to the jury.

The judgment is affirmed.

Opinion approved by the Court.