**William F. THOMPSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35503.

Court of Criminal Appeals of Texas.

March 20, 1963.

Fowler Roberts, Dallas, for appellant.

Henry Wade, Dist. Atty., Sam Paternostro, Tom Reese, and Emmett Colvin, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is operating a motor vehicle upon a public highway while intoxicated; the punishment, 6 months in jail and a fine of $50.

Police Officer J. M. Lewis testified that on April 3, 1962, at approximately 8 P.M., after he and his partner, Officer F. G. Woodrow, had observed that it had no tail lights and had weaved off on the shoulder of Northwest Highway, in Dallas, they pursued an old model pickup, which the appellant was driving. The witness further testified that during the pursuit the pickup never returned to the pavement before it made a weaving left hand turn onto Bickham, where the truck weaved in against some trees and into a shallow ditch before coming to a stop.

The officer related to the jury that after he walked up and was standing beside the pickup he noticed a strong odor of alcoholic beverage on the appellant.

The witness further testified that appellant staggered when he got out of the pickup; that as he walked back to the squad

car he staggered and swayed; that when appellant got in the squad car he stated: " * * * that he had had several drinks during the day while he was working."

 The statement of the defendant was a part of the res gestae and the trial court did not err in admitting the officer's testimony in regard thereto. Cline v. State, 163 Tex.Cr.R. 141, 289 S.W.2d 291; Suiter v. State, 165 Tex.Cr.R. 578, 310 S.W.2d 81.

The officer, after getting into the squad car, observed that appellant's eyes "were awful red and bloodshot and watery"; and that his speech was slurred and it would take him a while to decide what he wanted to say.

The witness further testified that there was an unopened quart of wine and an empty half-pint whisky bottle in the pickup, the wine being on the front seat.

The officer expressed the opinion that appellant was intoxicated.

Officer F. G. Woodrow gave similar testimony relating to the stopping of the pickup and appellant's appearance and demeanor. He also stated that it was his opinion that appellant was intoxicated.

Appellant testified in his own behalf and offered other witnesses.

The jury resolved the issue raised by the evidence against appellant and assessed a punishment within the terms of Art. 802, P.C., Vernon's Ann.P.C. art. 802, under which he was prosecuted.

 The evidence is sufficient to sustain the jury's verdict.

We overrule the appellant's contention that the trial court erred in refusing to charge upon circumstantial evidence.

 The opinion testimony of the officers, which reflected that appellant was intoxicated, was tantamount to direct evidence. Flack v. State, 169 Tex.Cr.R. 201, 332 S.W.2d 704; Hayes v. State, 162 Tex.

Cr.R. 660, 288 S.W.2d 771; Kimbro v. State, 157 Tex.Cr.R. 438, 249 S.W.2d 919; Richardson v. State, 109 Tex.Cr.R. 403, 5 S.W.2d 141. It is where the record reflects no opinion testimony and the intoxicated condition is proven as a matter of inference from facts in evidence that a charge on circumstantial evidence is required. Warren v. State, 131 Tex.Cr.R. 303, 98 S.W.2d 197.

No reversible error appearing, the judgment is affirmed.