**Jimmy Odell TILLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43420.**

Court of Criminal Appeals of Texas.

Feb. 3, 1971.

Woodrow W. Weir, Jr., Odessa, Bobby R. Bearden, Midland, for appellant.

James A. Mashburn, Dist. Atty., and Jerry Buckner, Asst. Dist. Atty., Midland, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for driving while intoxicated, second offense. The punishment was assessed by the jury at 2½ years confinement in the Texas Department of Corrections.

The evidence reveals that an automobile collision occurred at the intersection of Taylor Street and the Rankin Highway in Midland, Texas, on April 27, 1969, between 9:00 and 9:30 P.M. Appellant was driving one of the automobiles and Ben Casey was driving the other one.

Officer Gary Lane, an accident investigator with the Midland Police Department, testified that he was dispatched to the scene to investigate the collision. When he arrived, two officers were there directing traffic. Also, Casey, Jimmy Odell Tilley (the appellant), and Jones, who was a passenger in the car driven by appellant, were there; that he (Officer Lane) inquired as to who were driving the vehicles and for their drivers' licenses. Casey complied and the appellant stated that he was driving the station wagon but he did not have a driver's license. At this time, Officer Lane told appellant to stay there until he could take some measurements and move the vehicles. After completing these tasks, he approached appellant and "asked him his name, address, date of birth, and so on; information that I needed for my accident report," also "to give me his version of the accident." During this conversation, he observed the odor of alcohol on appellant's breath; at which time he asked appellant how much he had been drinking. Appellant replied: "about 3 six-packs of beer and some wine." Officer Lane stated that in his opinion appellant and Jones, the passenger, were drunk.

Appellant objected to the statement, "about 3 six-packs of beer and some wine," contending that he was under arrest and should have been given a warning prior to making the same as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694, and Art. 38.22 Vernon's Ann.C. C.P.

We hold that at this stage of the investigation the record reveals that there was not a shift from the investigatory to the accusatory or custodial stage. The officer testified that it was his duty to ascertain what the facts were, who was driving, what the conditions were, and other information, for his report; that he "first worked the accident up" before observing appellant and forming an opinion that he was intoxicated. Jones v. State, Tex.Cr. App., 442 S.W.2d 698; Brown v. State, Tex.Cr.App., 437 S.W.2d 828.

We further hold that the statement of the appellant was a part of the res gestae and the trial court did not err in admitting the officer's testimony in regard thereto. Thompson v. State, Tex.Cr.App., 365 S.W.

2d 792; Suiter v. State, 165 Tex.Cr.R. 578, 310 S.W.2d 81.

The remaining grounds of error have been examined and we find no reversible error.

The judgment is affirmed.