**John Gurdon STEELE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46188.**

Court of Criminal Appeals of Texas.

June 13, 1973.

A. D. Azios, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell, L. H. Stewart, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

The conviction by a jury verdict is for driving a motor vehicle on a public highway while intoxicated, second offense, a felony. The punishment, assessed by the court, is a fine of $250.00.

The record reflects that at shortly before 11:45 P.M. on November 29, 1969, Officer Bell of the Houston Police Department, while on patrol duty, received a radio call pertaining to an accident in the 200 block of Milam Street in Houston. Upon arriving at the scene in question, he observed two cars, a Lincoln Continental and a Mercury Cougar, which apparently had been in an accident. Both cars were in the curb or parking lane of the street. Jacob Grubbs was sitting in the Mercury, and appellant was sitting on the curb leaning against the bumper of the Lincoln.

Officer Bell testified that Grubbs, in appellant's presence and hearing, stated that while he, Grubbs, was sitting in his car, it was struck in the front by the back of the Lincoln; that appellant got in his car and "backed into him and came out of the car on the passenger side because he couldn't get out on the driver's side, and he was going back to his car after they discussed it, and he saw him fall off the pavement."

Bell then went to where appellant was sitting. He testified that in the course of his conversation with appellant the following was said:

"Q   What was the first question you asked him?

"A   Who was driving the silver Lincoln.

"Q   And he replied to that?

"A   He said, 'I was driving it.'

"Q   Is that how he said it?

"A   Yes, sir.

"Q   Was he looking at you when he said that or was he looking somewhere else?

"A   As I was coming around the car I sort of hesitated momentarily and I asked that question and he was looking up straight and said, 'I was driving it', but he didn't look at me."

Bell further testified that appellant "was very highly intoxicated; not to the point of a stupor or passed out." Bell said appellant had difficulty comprehending his questions, and was slow in making responses, and did not make good sense in his replies. His eyes were bloodshot and his "hands were uncoordinated." He had difficulty in finding his driver's license. Bell had trouble getting appellant to state what his address and telephone number were. He was "mush-mouthed." After talking with him for about fifteen minutes, Bell discovered that appellant had injured his hip. An ambulance was called and appellant was taken to the hospital. At the time of the above conversation, appellant had not been placed under arrest.

Both parties stipulated that prior to this occasion appellant had been convicted of the misdemeanor offense of driving a motor vehicle on a public highway while intoxicated, as alleged in the indictment. Grubbs was absent from the city at the time of the trial, and did not testify.

Appellant testified that at about 8:00 P.M. on this occasion he had parked his Lincoln car against the curb where the officer found it. He stated that is what he meant when he told the officer that he was driving the car; that is, that he owned "the Lincoln." He was not then intoxicated, and had not been drinking. Thereafter, he visited various places, and drank some beer. As he was walking back to his car, he felt that he was too intoxicated to drive, and decided to sit in his car and take a nap before driving home. He admitted having enough mental facilities to realize

he should not drive. He stated that as he was walking back to his car, he heard a crash, and as he got there he saw that a car behind him had crashed into the rear of his car. He talked to the driver about this and then turned his ankle, fell off a three foot high curb, and broke his hip. He asked the other driver to call an ambulance.

Officer Bell testified that he had investigated many car accidents and that in his opinion the Lincoln was the moving car, although he said that usually, in an accident of this type, the striking car will absorb most of the damage and in this instance the Mercury was more damaged.

Appellant contends in his first ground of error that the court reversibly erred in allowing Officer Bell to testify concerning what was told him by Grubbs at the scene of the accident, over appellant's hearsay objection.

■ Grubbs' remarks were made at the scene of the accident shortly after it occurred in the presence and hearing of appellant before the cars had been moved away. The officer was investigating an accident, and appellant at the time was not under arrest. The appellant, though intoxicated and somewhat confused, was able to converse to a certain extent. These remarks were admissible under the circumstances as statements made in the presence of appellant, and as res gestae. Hill v. State, Tex.Cr.App., 456 S.W.2d 699; Tilley v. State, Tex.Cr.App., 462 S.W.2d 594; Thompson v. State, Tex.Cr.App., 365 S.W.2d 792; Suiter v. State, 165 Tex.Cr. R. 578, 310 S.W.2d 81. The first ground of error is overruled.

■ Appellant's second and third grounds of error raise the contention of insufficiency of the evidence to support the verdict. We have heretofore discussed the material testimony. We find same amply sufficient to support the conviction.

The judgment is affirmed.

Approved by the Court.