Charles Wilson LOVEL, Appellant,

v.

The STATE of Texas, Appellee.

No. 51298.

Court of Criminal Appeals of Texas.

July 14, 1976.

John Emmett Crow, Pasadena, for appellant.

Arthur C. Eads, County Atty. and Ernie B. Armstrong, Asst. County Atty., Belton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

QUENTIN KEITH, Commissioner.

On March 24, 1976, this Court found that appellant's brief was filed late in the trial court and that a review of the record revealed nothing that should be considered in the interest of justice. We affirmed the judgment of the trial court in a per curiam opinion. Appellant timely moved for leave to file a motion for rehearing in which he contended that the brief was actually filed within an extended period fixed by the trial court. Although we disagree with the factual basis of the motion, we have, nevertheless, granted leave to file the motion for rehearing.

██ The record was approved on July 8, 1975, and appellant's retained counsel was notified of such fact by letter from the trial court dated July 10, 1975. By an order dated July 14, the trial court extended the time for the filing of appellant's brief until August 21. The brief was tendered for filing on August 25[1] and contains a notation in the trial judge's handwriting, "Late but accepted," followed by the initials of the judge.

Under the provisions of Sec. 9, Art. 40.09, Vernon's Ann.C.C.P., appellant's brief could have been filed on or before August 21, 1975 "or within such additional period as the court may in its discretion authorize." It is clearly apparent from the notation of the judge that in the exercise of the discretion conferred upon it, the trial court extended the time for the filing of such brief until the date it was actually filed, August 25, 1975. Therefore, we turn now to a consideration of the merits of the appeal.

After convicting appellant of driving while intoxicated, the jury assessed his punishment at confinement in jail for ninety days and the payment of a fine of $500. There is no suggestion of indigency in our record and appellant has been represented at all times by retained counsel.

Although we review an appeal from a misdemeanor conviction, we are confronted with a record in excess of four hundred pages covering a trial which lasted for

---

1. Appellant's counsel lived some distance from Bell County and we can take judicial notice of the erratic nature of the mail service. Furthermore, the period of time involved is not long, the four days being only from a Thursday to the following Monday.

three days. Appellant presents four grounds of error; but, from our review of the record, there is no reversible error disclosed and the judgment of the trial court will be affirmed for the reasons now to be stated.

During the early morning hours of June 23, 1974, the truck appellant was driving was involved in a collision with an automobile upon Highway 36 about five miles west of Temple. Appellant and the members of his family in the truck were thrown from the vehicle to the pavement and appellant sustained severe cuts and lacerations. An ambulance took him to the emergency room at a hospital in Temple and, while in the emergency room undergoing treatment at the hands of an unidentified doctor, Highway Patrolman Richard Barnes appeared to continue his "investigation" of the collision.

Barnes testified that while the surgeon was suturing appellant's wounds appellant turned his head to the left and vomited over the side of the table. The vomitus splashed upon the floor, some getting on the surgeon's trousers and shoes. The doctor jumped back, saying: " 'You drunk son-of-a-gun.' " This testimony was admitted over appellant's timely objection and forms the basis of the first ground of error.

The surgeon, immediately after the preceding event, then asked Barnes and Patrolman Leroy Schiller if they were going to ask appellant to submit to a blood test to determine the alcoholic content of his blood. Again, there was a timely objection that the statement of the physician was hearsay but the evidence was received. This event constitutes the basis of the second ground of error.

Before discussing the two grounds of error noted above, we first note the fact structure of the case as shown by our record.

The State established by an unchallenged chemical analysis of a sample of appellant's blood that the alcoholic content was fifteen hundredths of one percent (0.15) and that he was legally drunk. Appellant's wife testified that appellant had been drinking beer since at least seven in the evening before the accident occurring at approximately one in the morning; that he had drunk more than one six-pack of beer while attending a barbecue after which they went to the Peppermint Lounge for more drinking. Appellant's wife and several of his other kinsmen testified that appellant was operating the motor vehicle at the time of the accident after just having left the Peppermint Lounge.

Several experienced highway patrolmen testified that appellant was intoxicated when he was observed in the emergency room at the hospital and remained firm in their testimony despite rigorous cross-examination. Appellant did not testify, but, as noted earlier, did offer members of his family who had accompanied him to the barbecue and his later visit to the lounge.

█ Assuming, arguendo, that the statements from the unidentified surgeon constituted hearsay and inadmissible evidence,[2] we do not find reversible error is presented. It has long been the rule that improper admission of evidence does not constitute reversible error if the same facts were proved by other proper testimony. *Lassere v. State*, 458 S.W.2d 81, 82 (Tex.Cr. App.1970). See also, *Cherb v. State*, 472 S.W.2d 273, 278 (Tex.Cr.App.1971); *Bacon v. State*, 500 S.W.2d 512, 514 (Tex.Cr.App. 1973); *Hayles v. State*, 507 S.W.2d 213, 216 (Tex.Cr.App.1974). There being an overwhelming abundance of evidence properly admitted to support the judgment, no reversible error appears and grounds one and two are overruled.

█ Patrolmen Barnes and Schiller visited appellant while he was in the emergency room at the hospital in Temple. They testified that they were merely concluding their investigation of the collision and that appellant was not under arrest nor was he in custody. Barnes asked appellant, "What happened out there?" and was told by appellant: " 'Well, I just pulled out on that

2. See *Ex parte Martinez*, 530 S.W.2d 578, 580 (Tex.Cr.App.1975).

road, and somebody ran into me. That's all I remember.'"

Appellant now complains, by his third ground of error, that this constituted an impermissible interrogation designed to elicit an inadmissible oral confession. Reliance is placed upon the *Jack Ruby Case* [*Rubenstein v. State*, 407 S.W.2d 793, 795 (Tex.Cr.App.1966)]. We find no merit to the contention so advanced and overrule ground three.

The identical contention was considered and found to be without merit in *Tilley v. State*, 462 S.W.2d 594, 595 (Tex.Cr.App. 1971). See also, *Adami v. State*, 524 S.W.2d 693, 699 (Tex.Cr.App.1975), following *Tilley*, where additional authorities are cited.

■ We quote ground four in its entirety:

"A mistrial should have been granted numerous times due to the misconduct of the prosecutor, Mr. Armstrong."

This is followed by at least a dozen, and possibly more, specific references to alleged prosecutorial misconduct ranging from the asking of allegedly improper questions, improper argument, etc. The mere statement of the ground of error shows that it is multifarious and presents nothing for review.

In *Rodriguez v. State*, 530 S.W.2d 944, 945 (Tex.Cr.App.1975), we held:

"Appellant's third ground of error is multifarious in combining two separate complaints and is not in compliance with Article 40.09, Sec. 9, V.A.C.C.P. Nothing is presented for review. *Stein v. State*, Tex.Cr.App., 514 S.W.2d 927; *Thompson v. State*, Tex.Cr.App., 510 S.W.2d 949."

See also, *Barnes v. State*, 520 S.W.2d 401, 404 (Tex.Cr.App.1975); *Hurd v. State*, 513 S.W.2d 936, 940 (Tex.Cr.App.1974).

Ground of error number four is overruled.

Having carefully reviewed the record and finding no reversible error, the judgment of the trial court is affirmed.

·Approved by the Court.