**Guadalupe Sanchez GUERRERO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58711.**

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 10, 1980.

Philip Juarez, Austin, for appellant.

Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before PHILLIPS, TOM G. DAVIS and DALLY, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for involuntary manslaughter. Punishment is imprisonment for four years.

Appellant contends that the indictment is defective because it fails to allege a culpable mental state. Appellant also urges that the evidence is insufficient to show that he caused the victim's death, and an oral statement of his was admitted in evidence in violation of Art. 38.22, V.A.C.C.P.

V.T.C.A. Penal Code, § 19.05 provides in pertinent part:

(a) A person commits an offense if he:

$$* \quad * \quad * \quad * \quad * \quad *$$

(2) by accident or mistake when operating a motor vehicle while intoxicated and, by reason of such intoxication, causes the death of an individual.

(b) For purposes of this section, "intoxication" means that the actor does not have the normal use of his mental or physical faculties by reason of the voluntary introduction of any substance into his body.

The indictment in this case alleged that appellant:

. . . by accident and mistake when operating a motor vehicle while intoxicated, and by reason of such intoxication cause[d] the death of an individual, William Shaw by then and there driving said motor vehicle into and causing it to collide with a motor vehicle occupied by the said William Shaw, an individual.

Appellant contends, in three grounds of error, that the indictment fails to state an offense because it does not allege any culpable mental state pursuant to V.T.C.A. Penal Code, § 6.03. In *Ormsby v. State*, 600 S.W.2d 782 (Tex.Cr.App.1979), this Court held that the offense of criminally negligent homicide can be a lesser included offense to an offense under § 19.05(a)(2), su-

pra. The Court held that the commission of an offense under § 19.05(a)(2) involves the culpable mental state of "recklessness per se." See the Practice Commentary to § 19.05. Because criminally negligent homicide involves a culpable mental state less than recklessness (namely, criminal negligence) the Court concluded that where the facts in a prosecution under § 19.-05(a)(2) raise an issue of the offense of criminally negligent homicide, an instruction on that offense must be given.

It does not follow from *Ormsby*, however, that an indictment charging an offense under § 19.05(a)(2) must allege that the accused acted "recklessly." The term "reckless" need not be explicitly alleged because a finding that the statutory elements of § 19.05(a)(2) have been fulfilled constitutes, as a matter of law, a finding of reckless conduct. This is what is meant by the term "recklessness per se." The Legislature, in enacting § 19.05(a)(2), determined that the equivalent of "recklessly" causing the death of another, see § 19.05(a)(1) of the Penal Code, is conduct that causes the death of another "by accident and mistake when [one is] operating a motor vehicle while intoxicated and by reason of such intoxication." It would be redundant and confusing to allege that the accused "recklessly" engaged in such conduct. That determination already has been made by the Legislature.[1] We hold that in order to state an offense under § 19.05(a)(2), an indictment need not allege that the accused acted "recklessly." Appellant's grounds of error are overruled.

Appellant contends the evidence is insufficient to prove that he caused William Shaw's death, as alleged in the indictment.

Celeste Bonsignore testified that on August 2, 1975, she was traveling behind a Volkswagen station wagon on Interstate Highway 35 north of New Braunfels, when she observed a Chevrolet Camaro cross the median of the highway and collide with the Volkswagen. The Camaro was traveling at

a high speed, "between 60 and 70 miles an hour," according to Bonsignore's estimate. Bonsignore stopped and rushed to the Volkswagen to render aid. She observed Shaw in the middle of the front seat of the vehicle, pinned against the dashboard. He appeared badly injured, and did not move. He had blood on his chest, and his teeth were "dangling" from his mouth. Bonsignore did not detect any breathing.

Kathleen Heitert, the driver of the car in which Bonsignore was traveling, also testified that Shaw was pinned in the wreckage. According to Heitert, Shaw was "badly bloodied about the face," and had broken teeth hanging over his lower lip.

Nora Bonsignore testified that she was traveling behind her sister and Heitert when the accident occurred. Shortly before the accident the Volkswagen had passed her, and she saw that it was occupied by a woman and a man. The man was in the passenger seat. Both persons were alive.

Highway Department trooper Carl Davis testified that he investigated the accident. When he arrived Shaw was still in the Volkswagen. Davis checked Shaw's jugular vein and wrist for a pulse; there was none. Shaw's eyes were dilated. His chest was "spongy," and appeared to have been crushed. Davis concluded that Shaw was dead, and called for a justice of the peace.

Harold Krueger, a justice of the peace for Comal County, testified that in response to a call for his services he went to the scene of the accident in question. He observed that Shaw was not breathing, had no pulse, and had suffered bruises to the chest and abdomen. He was bleeding slightly from the mouth. Krueger concluded that Shaw was dead.

The evidence established that Shaw was alive shortly before the accident, and according to two eyewitnesses, was severely injured in the accident. Trooper Davis, who arrived when ambulance personnel

---

1. We note that § 19.05(b), supra, requires the intoxication to be voluntary, thus satisfying the mandate of V.T.C.A. Penal Code, § 6.01 that

conduct cannot be criminal unless it is voluntary.

were still on the scene, detected no signs of life in Shaw and concluded that Shaw was dead. Davis observed that Shaw had suffered a crushed chest. Krueger, who arrived an hour after the accident, also concluded that Shaw was dead. He observed injuries to Shaw's chest and abdomen. Although no autopsy was performed, the only reasonable hypothesis as to the cause of Shaw's death is that he died as a result of the collision. We hold the evidence sufficient to establish that appellant caused Shaw's death. See *Hines v. State*, 515 S.W.2d 670 (Tex.Cr.App.1974); *Morris v. State*, 322 S.W.2d 632 (Tex.Cr.App.1959); *Hicks v. State*, 66 Ga.App. 577, 18 S.E.2d 637 (1942).

Finally, appellant complains that evidence of an oral statement he made shortly after the accident was admitted in violation of his right against self–incrimination. Trooper Davis testified that he went to the emergency room of McKenna Memorial Hospital in New Braunfels to identify persons who had been injured in the accident. There were several persons present in the emergency room when Davis entered. He asked whether anyone knew who was driving the car that had been in the accident. Appellant answered that he was the driver.

Davis asked the question as a part of his required investigation of the facts of the accident. When appellant made the statement the investigation had not shifted from the investigatory to the accusatory or custodial stage. Davis did not arrest appellant until later, when he decided that appellant was intoxicated. The statement was not the product of custodial interrogation and was admissible. *Lovel v. State*, 538 S.W.2d 630 (Tex.Cr.App.1976); *Tilley v. State*, 462 S.W.2d 594 (Tex.Cr.App.1971).

The judgment is affirmed.