Joe Louis HACKNEY, Appellant,

v.

STATE of Texas, Appellee.

No. 09 81 089 CR.

Court of Appeals of Texas,
Beaumont.

May 5, 1982.

Discretionary Review Refused
Sept. 15, 1982.

Donald W. Rogers, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

## OPINION

CLAYTON, Justice.

Appellant was convicted of robbery by a jury and sentenced by the court to confine-

ment in the Texas Department of Corrections for two to fifteen years. The sufficiency of the evidence supporting the conviction is not challenged.

■ Appellant's first ground of error urges the indictment is fundamentally defective for failure to give any description of the property taken in the robbery. It is no longer necessary for the State to make this allegation. *Ex parte Lucas*, 574 S.W.2d 162 (Tex.Cr.App.1978); *Hill v. State*, 568 S.W.2d 338 (Tex.Cr.App.1978).

■ Appellant's second ground of error complains that the trial court commented on the weight of the evidence. Appellant objected out of the presence of the jury to the admission in evidence of the gun used in the robbery. On the jury's return, appellant re-urged his objection. The court in ruling said: "It is overruled. . . . Your motion is overruled, and it is admitted particularly as the gun just like they saw it at the time of the robbery." It is clear that the court was admitting only the gun previously identified by the victim. To constitute reversible error in violation of *Vernon's Ann.C.C.P., Art. 38.05*, the comment must be such that it is reasonably calculated to benefit the State or prejudice the defendant's rights. *Carrillo v. State*, 591 S.W.2d 876, 893 (Tex.Cr.App.1979); *Sikes v. State*, 500 S.W.2d 650 (Tex.Cr.App.1973). This appellant did not testify and only offered the defense of alibi. The record does not warrant the conclusion that the comment was calculated to benefit the State or prejudice appellant. This ground of error is overruled.

Appellant's third ground of error complains of the admission into evidence of "hearsay testimony to the effect that the car used in the robbery with license number NCH 527 belonged to the appellant."

The witness Rose, Deputy Tax Assessor in Harris County, testified that he had in his custody a computer which has access to Texas Highway Registration Records from the Texas Highway Department and Texas Department of Public Safety. He testified that he had a straight line to the teletype machine to such state departments and that the teletyped messages come from the records of either the Texas Highway Department or the Texas Department of Public Safety. Even though the witness testified that the teletyped messages received from the computer in Austin are in his care, custody, and control, no such evidence with reference to any information placed into or received from such computer in Austin was given by any custodian or any other person connected with the information placed into such computer.

The State argued that the evidence showing the car bearing the license number NCH 527, registered in the name of appellant, and received from the Austin computer was admissible pursuant to the provisions of *Art. 3737e, Sec. 1, Tex.Rev.Civ.Stat.Ann.* (Supp.1982). We do not agree.

■ The witness Rose was not qualified to testify to the business practices of either the Texas Highway Department or the Texas Department of Public Safety with respect to records kept by such agencies, and the proper predicate was not laid to permit the admission of this evidence under either *Art. 3731a* or *Art. 3737e*. Moreover, inasmuch as the witness's testimony clearly indicated the information as to the ownership of the automobile was derived from a computer, the State had the additional burden of laying a proper predicate for the admission of such evidence pursuant to the rules announced in *Railroad Commission v. Southern Pacific Co.*, 468 S.W.2d 125, 129 (Tex.Civ.App.—Austin 1971, writ ref'd n.r. e.), and *O'Shea v. International Business Machines Corp.*, 578 S.W.2d 844, 848 (Tex. Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). We agree with appellant that the evidence as to ownership of the automobile is hearsay and, as such, should not have been admitted into evidence. However, we are convinced the admission of such evidence was harmless error and does not constitute reversible error for the following reasons.

The victim in this case, Sherry Renee Maynard, testified that she was employed by National Car Rental as accounts payable

clerk, and her duties, among others, were to go to different locations of of the company's offices and "pick up their day's work and their deposits and bring them back." On this day in question, she had made her "runs" and was on her way back to the main office when she noticed "there was a car behind me that was tailgating." She described the car as a Buick Regal, maroon colored, either a 1976 or 1977 model. As this car began to pass her car, it ran into the side of her car. She pulled over to the side and stopped. The Buick car also stopped. Maynard took down the license number of the other car. Maynard walked over to the Buick, and, after conversation with the driver of the Buick, the driver got into his car, reached under the front seat, and pulled out a gun that looked like a "sawed-off shotgun." Maynard very definitely identified appellant as the driver of the Buick.

Appellant then told Maynard to get into her car which she did. He then told her "the bags are sitting behind the seat," and he started to grab the bags. He took the bags, which contained the money receipts she had picked up. He took Maynard's car keys and left in his car. Shortly thereafter, she called the police and gave them a description of appellant and the car and the license number of the Buick. On the following day, a detective came out to see her and showed her pictures of numerous individuals. She picked out one and identified that to be the picture of the one who had robbed her, which was a picture of appellant. She later identified appellant in a police lineup as the man that "held me up that day."

A. W. Stephens, a Houston police officer, testified that during his investigation of this robbery he was, through a radio dispatch, directed to a Sears store where he observed a "white over red" colored vehicle with the same license number previously given by Maynard. The automobile was unattended, and the witness recovered a saw-off pellet gun and observed some money bags used by National Car Rental in the vehicle.

J. C. McGuire, a Houston police officer, testified that he went to the location where Maynard's vehicle was parked, received a description of appellant (as identified by Maynard) and proceeded in the direction in which the Buick had left the scene. This witness located the vehicle and described it as a red Buick Regal. The witness inventoried the vehicle and found a weapon, car keys belonging to Maynard, and money bags.

Thomas Gants, manager of National Car Rental, testified that an employee named Joe Louis Hackney had been employed as a service agent by his company and would have knowledge about the pick-ups and delivery routes.

Appellant states in his brief that he does not challenge the sufficiency of the evidence to support his conviction. Appellant did not testify.

■ The mere fact that the questioned testimony was admitted into evidence does not necessarily present harmful and reversible error. The admission of tainted evidence may be harmless beyond a reasonable doubt. *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *Wilder v. State*, 583 S.W.2d 349 (Tex.Cr. App.1979); *Gibson v. State*, 516 S.W.2d 406 (Tex.Cr.App.1974); *Bridger v. State*, 503 S.W.2d 801 (Tex.Cr.App.1974); *Blansett v. State*, 556 S.W.2d 322 (Tex.Cr.App.1977); *Clemons v. State*, 505 S.W.2d 582 (Tex.Cr. App.1974); *Holcomb v. State*, 484 S.W.2d 938 (Tex.Cr.App.1972).

■ It is important to point out that the objectionable evidence merely reveals that the automobile involved was registered in the name of appellant. Ownership of this automobile was not involved as an element of the criminal offense with which appellant was charged. This automobile, even though owned by appellant, could have been driven on the occasion in question by someone other than the owner. Such evidence could not establish the identity of the driver. As shown by the evidence, this automobile was located by the police officers as a result of the description of the

vehicle and the license number. It was not located as a result of the determination of ownership.

When the police officers located this vehicle, determined to fit the description and license number as given by the victim of the robbery, they searched the vehicle and recovered the victim's car keys, the money bags, and the weapon. No complaint has been made on this appeal as to this search or recovery of the items, or to the reasons or manner of appellant's arrest.

The license number of the automobile was used by the police only for the purpose of locating and identifying the automobile. The ownership of the automobile was immaterial. The offense was committed by the driver and not necessarily by the owner. The mere proof of ownership, with no other evidence of identity of the driver, would not have been sufficient to uphold the conviction in this case. The important question then becomes whether or not this appellant was sufficiently identified so as to connect him with this robbery. There can be no question as to the sufficiency of such evidence.

The victim identified, from pictures shown to her by the police officers, appellant as being the one who was the driver of this vehicle and robbed her. She identified appellant in a police lineup. She positively identified appellant in the courtroom, during the progress of this trial, as being the one who committed the offense.

The only question presented is one of identity. The evidence overwhelmingly identifies appellant as the offender. The evidence as to ownership of the vehicle was immaterial as to the question of identity. Such evidence did not, under any stretch of the imagination, tend to identify appellant as the driver of the automobile and the person who committed the offense. All other independent evidence as to identity and guilt of the offense is so strong that it is inconceivable that the jury could have returned any verdict other than the one it did return even in the absence of the evidence admitted as to ownership of the automobile.

Under the facts of this case, the error in admitting this hearsay evidence was harmless, and, as stated in *Wilder v. State*, supra, "the error, if any, was harmless beyond a reasonable doubt."

We have considered appellant's fourth ground of error which raises the same question as to the admissibility of the license number, and, for the reasons stated above as to harmless error, we overrule such ground.

The judgment of the trial court is affirmed.

AFFIRMED.