Franklin Arthur **HANSEN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 6–81–062–CR.

Court of Appeals of Texas, Texarkana.

June 15, 1982.

Murry B. Cohen, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft, Asst. Dist. Atty., Houston, for appellee.

CORNELIUS, Chief Justice.

Appellant was convicted in a jury trial of the offense of involuntary manslaughter. Punishment was set by the jury at 10 years confinement and a fine of $5,000.00.

On November 2, 1979, at about 7:30 in the evening, Robert Blessman and Michael Tillotta were playing miniature golf at a course adjacent Highway 1960 in Houston. Appellant was driving home from the Houston airport after a flight from Dallas when his automobile veered across the highway at a very high rate of speed in front of two oncoming cars. His car struck one of the other cars, continued accelerating, jumped the curb and went across a ditch filled with tall grass, became airborne, and then crashed through a wrought iron fence surrounding the golf course. Tillotta was able to get out of the way but Blessman was struck and dragged underneath the car as it landed. He died immediately. Several witnesses testified to appellant's actions and condition at the scene of the accident and to the fact of his intoxication. The sufficiency of the evidence is not challenged. Five grounds of error are assigned. We reject them and affirm the conviction.

Appellant first contends that the trial court improperly denied his motion to quash the indictment on the ground that it failed to specify the substance which allegedly caused appellant to be intoxicated. The offense of involuntary manslaughter is set out in Section 19.05 of the Texas Penal Code Annotated (Vernon 1974). A person commits the offense if he, "by accident or mistake when operating a motor vehicle while intoxicated and, by reason of such intoxication, causes the death of an individual." Intoxication is defined as meaning, "... that the actor does not have the normal use of his mental or physical faculties by reason of the voluntary introduction of any substance into his body."

We overrule appellant's contention in this regard. First, we note that the motion to quash the indictment was not in writing as required by Tex.Code Crim.Pro. Ann. art. 27.10 (Vernon 1966). Moreover, the motion was properly overruled. The indictment followed the words of the statute defining the offense. It is a rare exception when an indictment in the words of the statute will be held insufficient to give the required notice to the accused. *May v. State*, 618 S.W.2d 333 (Tex.Cr.App.1981); *Phillips v. State*, 597 S.W.2d 929 (Tex.Cr.App.1980); *Parr v. State*, 575 S.W.2d 522 (Tex.Cr.App.1978). The focus of the statute involved in this case is on the act of driving a motor vehicle when one's faculties are impaired due to intoxication, not on the substance which causes the intoxication. *Parr v. State*, supra. The substance used to

produce the intoxication is essentially evidentiary and is not a necessary part of notice. *Parr v. State*, supra;[1] *Phillips v. State*, supra; *May v. State*, supra; *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974). Appellant was not called upon to defend against the ingestion of some substance into his body on the occasion in question; he was required to defend, if he could, against the accusation that he was intoxicated.

■ Appellant next complains of the trial court's action in allowing the admission into evidence of an oral statement he made shortly after the accident. Officer Gann was allowed to testify that as he was seeking to handcuff appellant at the scene of the accident appellant stated, "You don't have to be so rough. I am just drunk."

We find no reversible error in the admission of the testimony. Appellant had been given the proper *Miranda* warnings. Although he was in custody at the time the statement was made, no question was asked of him nor was any conversation directed to him. The officer was merely attempting to handcuff him. This conduct is not the equivalent of custodial interrogation. Under Tex.Code Crim.Pro.Ann. art. 38.22(5) (Vernon 1979), oral statements of the accused are admissible if they do not stem from custodial interrogation.

■ Complaint is also made of the refusal of the trial court to give a special requested instruction which read as follows:

"If you should find and believe from the evidence beyond a reasonable doubt the Defendant was intoxicated when the automobile being driven by him, if any, ran into and collided with Robert Blessman, still the Defendant would not be guilty of the offense charged if the automobile was, at the same time and place, operated in a manner should it [sic] be operated by one not intoxicated. If you find the Defendant operated the automobile, if it was, at the same time and place being operated in a manner that it should

be operated by one not intoxicated, if you have reasonable doubt thereof, you will acquit the Defendant."

The court gave the following instruction:

"You are instructed that the death of the deceased must have been by reason of the Defendant's intoxication. In this connection, you are instructed that if you believe or if you have a reasonable doubt thereof that the death of the deceased was by reason of a van striking the Defendant's automobile causing the Defendant to strike his head and lose consciousness and lose control of his vehicle which loss of control, if any, was the reason of the death of the deceased, you will find the Defendant not guilty."

It was not error to refuse appellant's requested instruction because the instruction given by the court adequately covered the defensive theory included in the requested charge.

■ Ground of error number four urges that reversible error was committed when the prosecutor asked appellant on cross-examination if he drank to excess. Appellant's objection to the question was overruled by the court and he then answered, "I have." The question of the prosecutor was not improper in the context of this case. Appellant had testified on direct examination about his drinking habits and that he usually drank on the airplane flights from Dallas, but that he did not think the liquor he drank on the day of the accident had affected him. The prosecutor's question was proper cross-examination concerning the ability of appellant to judge the limits of his harmless use of alcoholic beverages, and his ability to determine its effect upon him. Additionally, the appellant's objection to the question was too general to preserve any error.

■ Finally, it is argued that the trial court erred in failing to charge the jury on the lesser included offense of criminally negligent homicide. The basis for this assertion is that the evidence raises the issue

1. We recognize that in *Parr* there was no motion to quash; nevertheless we believe the logical underpinnings of that decision also apply where a motion to quash has been filed.

that appellant failed to realize that he was intoxicated on the occasion in question and such failure constituted a failure to perceive the risk which forms the basis of the offense of criminally negligent homicide.[2] We disagree. Appellant testified positively that he was not intoxicated, but that another vehicle pulled out from the highway shoulder and struck his car, causing him to blackout and lose control of his automobile. He testified that he had consumed only a portion of one beer and a miniature bottle of Scotch on the airplane, and he consistently denied that he was intoxicated or that his reflexes were affected in any way by the drinks. According to the evidence, then, he was either guilty as charged or he was not guilty of any offense. The issue of criminally negligent homicide was not raised.

The judgment of the trial court is affirmed.

---

**2.** Texas Penal Code Annotated § 19.07 (Vernon    1974).