**Philip Ronald STARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–82–065–CR.**

Court of Appeals of Texas, Austin.

Nov. 3, 1982.

Discretionary Review Granted Jan. 26, 1983.

**188** ■

David A. Sheppard, Austin (Retained), for appellant.

Ronald Earle, Dist. Atty., Ben C. Florey, Jr., Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, POWERS and GAMMAGE, JJ.

SHANNON, Justice.

Appellant Philip Ronald Stark appeals from the judgment of conviction for involuntary manslaughter after a trial by jury in the 167th district court of Travis County. The jury assessed punishment of confinement for four years and six months in the Texas Department of Corrections. This Court will affirm the judgment.

Appellant complains the district court erred in refusing to grant his timely motion to shuffle the jury.

Texas Code Cr.P.Ann. art. 35.11 (1966) provides:

> The trial judge, upon the demand of the defendant or his attorney, or of the State's counsel, shall cause the names of all the members of the general panel drawn or assigned as jurors in such case to be placed in a receptacle and well-shaken, and the clerk shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such case, and such names shall be written, in the order drawn, on the jury list from which the jury is to be selected to try such case, and write the names as drawn upon two slips of paper and deliver one slip to the State's counsel and the other to the defendant or his attorney.

During pre-trial proceedings, the State moved that the jury be shuffled. The State's motion was granted over appellant's objection to the effect that counsel for the parties were entitled to see the jury panel in the courtroom where the trial was to take place and then exercise the right under art. 35.11 to require that the jury be shuffled.

In Travis County a central jury panel is qualified in a central jury room and then jury panels are assigned to the respective courts as needed. The district court in the instant case advised appellant's counsel that he was entitled to go to the central jury room to view the members of the jury panel which were assigned to the 167th district

court. In that manner, it would be possible for counsel to see the order of seating of the jurors before they were shuffled on the State's motion. Appellant, however, insisted that appellant was entitled to see the jurors seated in the 167th courtroom before they were shuffled in response to a motion of any of the parties.

In response to the court's order the jury was shuffled before their arrival at the 167th courtroom. After arrival of the jury in the 167th courtroom and prior to commencement of trial, appellant urged *his* motion to reshuffle the jury which motion was overruled. The court called the clerk to testify respecting the jury shuffle. The clerk testified that he did indeed shuffle the jury panel after it was assigned to the 167th district court, but before the members of the panel were seated in the 167th courtroom. He produced a copy of the jury list as it appeared prior to the shuffle. Appellant did not by cross-examination or otherwise develop evidence that a shuffle did not take place or that the shuffle was done improperly.

■ It is plain that art. 35.11 contemplates only one shuffle of the jury panel, be it at the request of the State or at the request of one or more of the defendants. The purpose of the jury shuffle is, after all, to insure a random list of jurors. *Rivas v. Mutual Ins. Co.,* 480 S.W.2d 610 (Tex.1972); *Davis v. Huey,* 608 S.W.2d 944 (Tex.Civ. App.1980, rev'd on other grounds at 620 S.W.2d 561). That purpose, the random seating of the panel members, may be achieved by one shuffle whether made in response to a motion of the State or the defendant.

■ Appellant seems to concede that one shuffle satisfies art. 35.11 whether at the instance of the State or defendant provided that the shuffle takes place after the panel members are seated in the courtroom where the trial is to be held. The short answer to appellant's contention is that there is nothing in art. 35.11 which dictates the location where the shuffle of the panel members must be conducted.

Although appellant's argument suggests some impropriety about the manner in which the shuffle was conducted, there is no factual foundation for such suggestion. Appellant's counsel was free to go to the central jury room and witness the panel assigned to the 167th district court. There counsel could identify the panel members and the order of their seating before and after the shuffle. There was no proof that the manner in which the shuffle was accomplished was in any way improper. The ground of error is overruled.

Appellant's remaining three grounds of error complain of the district court's denial of his motions to quash the indictment. The indictment asserts that appellant did "by accident and mistake when operating a motor vehicle while intoxicated, and by reason of such intoxication cause the death of an individual, Sara Solter, by then and there driving said motor vehicle into and causing it to collide with a motor vehicle occupied by the said Sara Solter . . . ."

■ Appellant first insists that the indictment fails to allege in what manner appellant operated the motor vehicle to cause the death of Sara Solter. This claim would be meritorious if the indictment alleged an offense under Tex.Pen.Code Ann. § 19.05(a)(1). *Townsley v. State,* 538 S.W.2d 411 (Tex.Cr.App.1976). Appellant, however, was charged under § 19.05(a)(2). Under that section, there is no need to allege a particular reckless action because it is a part of the offense. To drive while intoxicated is to drive recklessly as a matter of law. Recklessness, therefore, need not be alleged. *Guerrero v. State,* 605 S.W.2d 262 (Tex.Cr.App.1980).

■ Appellant next claims error in that the indictment fails to allege the substance appellant introduced into his body. Appellant relies upon *Parr v. State,* 575 S.W.2d 522 (Tex.Cr.App.1979), stating that in *Parr* the Court of Criminal Appeals "indicated" that a motion to quash should be granted under these circumstances. Regardless of the language in that case, the Court of Criminal Appeals in *Hardie v. State,* 588 S.W.2d 936 (Tex.Cr.App.1979) held that "as

long as the evidence is sufficient to support a jury finding of intoxication, the State need not allege or prove what substance causes this intoxication." *Hansen v. State,* 636 S.W.2d 241 (Tex.App.1982).

Appellant's other grounds, being without merit, are overruled.

The judgment is affirmed.