David Chapman, Paul Lechowick, San Antonio, for appellant.

Bill White, Dist. Atty., Charles B. Tennison, Asst. Dist. Atty., San Antonio, for appellee.

Before BUTTS, REEVES and TIJERINA, JJ.

**Thurman Charles WALLACE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00149–CR.**

Court of Appeals of Texas,
San Antonio.

March 2, 1983.

## OPINION

BUTTS, Justice.

This is an appeal from a conviction of aggravated robbery. After being convicted by the jury, appellant elected to have the trial court assess punishment. Appellant was sentenced to 15 years' confinement in the Texas Department of Corrections under the enhancement provisions of Tex.Penal Code Ann. § 12.42(a) (Vernon 1974). We affirm the judgment.

The complainant testified that appellant, known to her only by his nickname of "Jack Rabbit," had come to her house on Christmas night 1979, and that he and his brother

had robbed her of her stereo at gunpoint. The complainant further testified that she had ordered the stereo by mail from St. Louis, Missouri, and that "S.I.C." had gotten all the papers on it, because she was financing the stereo through S.I.C.[1] Appellant testified and denied the complainant's version. He stated that the stereo was his and that he had left it with the complainant as security for a loan she had made to him. When he came to repay the loan on Christmas night of 1979 and recover his stereo, however, complainant allegedly refused to return it. Appellant testified that he and his brother then entered the house and removed the stereo without violence, and he denied having any weapon.

The complainant's husband was called by the State as a rebuttal witness. He testified that the stereo was paid for through S.I.C. Loan Company, and had come from Southwestern Shoppers in St. Louis, Missouri. Through him, the State offered into evidence a photocopy of a billing form, apparently sent from the Southwestern Shopper in St. Louis, to "Branch Manager, Southwestern Investment Co." in San Antonio, showing Charles M. Bond, the complainant's husband, as the customer, and further describing the make, model, and price of the stereo purchased. There was a second photocopied document, a purchase application signed by Charles M. Bond, ordering the Miida home stereo system. On the copy appears a file stamp stating "Accepted DB, Apr. 25 1978," and a handwritten notation "SW–C81–110." Comparing these markings to the billing form, one discovers on the billing form that the "order date" is shown as "04–25–78" and the order number as "SW–C81–00110." These two photocopies were admitted into evidence over appellant's objections that they were not shown to be the best evidence under the best evidence rule, and that the proper predicate had not been laid under the Texas Business Records Act, Tex.Rev.Civ.Stat. Ann. art. 3737e (Vernon 1980). He raises the same contentions before us in our four related grounds of error.

Although the State expressly declines to concede that the exhibits were erroneously admitted over objection, it does not argue that they were not. Rather, it argues that any error committed by the trial court in admitting these documents was harmless under the doctrine of "curative admissibility." There are numerous ways inadmissibility of hearsay evidence may be cured or rendered harmless, one of which is by the introduction of other proper evidence of the same facts. *Lovel v. State,* 538 S.W.2d 630, 632 (Tex.Cr.App.1976) (opinion on rehearing).

As already noted, complainant and her husband both testified that they had ordered the stereo from Southwestern Shoppers in St. Louis and financed it through S.I.C. Loan Company for about $500.00. The documents corroborated complainant's and her husband's testimony. The deferred payment price was $435.60. The stereo was ordered from Southwestern Shoppers in St. Louis, and Southwestern Investment Co. (S.I.C.) financed the goods. Even if we were to find error in the admission of the documents, the error would be harmless. *Thomas v. State,* 621 S.W.2d 158, 164 (Tex.Cr.App.1981) (opinion on rehearing).

Appellant relies on *Gassett v. State,* 532 S.W.2d 328 (Tex.Cr.App.1976) for the proposition that the error was harmful. In *Gassett* the court noted, "The only other instance in the record in which the State hinted that the deceased had no criminal record was also objected to by the appellant." *Id.* at 331. In the case at bar no objection was made to the oral testimony of complainant and her husband. Appellant's four grounds of error are overruled and the judgment of the trial court affirmed.

REEVES, Justice, dissenting.

I respectfully dissent. The trial court, over objection, permitted the introduction of the photocopies of a billing form sent

---

1. Although the record is poorly developed on this point, S.I.C. is apparently a finance company engaged in credit financing of consumer purchases.

from Southwestern Shoppers in St. Louis to "Branch Manager, Southwestern Investment Co." in San Antonio, showing the name, address and phone number of Charles M. Bond, the complainant's husband. The form described the make, model and price of the stereo purchased. Also introduced was an order form signed by Charles M. Bond, ordering the Miida home stereo system. Both constituted hearsay and were inadmissible. They were writings made out of court, offered in court for the truth of the matters asserted therein. *Girard v. State,* 631 S.W.2d 162, 164 (Tex.Cr.App. 1982) (Citing R. Ray, 1A Texas Law of Evidence § 781 (Texas Practice 3d ed. 1980)). The State clearly was offering the documents to impeach and discredit appellant's testimony that the stereo belonged to him and not the complainant. Also, the brand of the stereo was shown on the documents to be a Miida, which contradicted appellant's earlier testimony that the system was a Sony. The obvious purpose and effect of this evidence were to damage appellant's credibility. I see no purpose in the State's offering the documents other than to corroborate and elaborate upon the complainant's testimony that she had ordered the stereo from St. Louis through S.I.C. The State could only corroborate her testimony if the statements made in the documents were true.

The State did not comply with the business records exception to the hearsay rule, Tex.Rev.Civ.Stat.Ann. art. 3737e (Vernon Supp.1980), and appellant's objection was sufficient to present the matter here for our review. The objection made was that "the proper predicate has not been laid under the Business Records Act." Generally, a "proper predicate" objection is insufficient as being too general, *Williams v. State,* 596 S.W.2d 862, 866 (Tex.Cr.App. 1980), but should the correct ground of error be obvious to the court and opposing counsel, error is not waived by the making of the general objection. *Zillender v. State,* 557 S.W.2d 515, 517 (Tex.Cr.App.1977) (citing McCormick's Handbook of the Law of Evidence, § 52, p. 113, 115 (2d ed. 1972)). I believe that the objection was sufficiently specific.

Not only did the State fail to meet the requirements of the Business Records Act, but its failure was obvious. The evidence was clearly hearsay and the only exception that could apply was the business records exception. For evidence to be admissible under this exception, it must be shown that the record was made in the regular course of business, that it was in the regular course of business for an employee with personal knowledge to make the record, and that the record was made at or near the time of the act. Tex.Rev.Civ.Stat.Ann. art. 3737e, § 1 (Vernon Supp.1980). Not one of these requirements was met; the person testifying was not an employee of the company, but a customer who had obtained the records and thus had no personal knowledge of the business practices of the company, nor did he even attempt to testify as to any practices. Grounds of error three and four should be sustained.

I cannot agree that the tainted evidence was harmless. As stated in *Hackney v. State,* 634 S.W.2d 337 (Tex.App.1982), the mere fact that the questioned testimony is admitted into evidence does not necessarily present harmful and reversible error. *Id.* at 339. Admission of tainted evidence may be harmless beyond a reasonable doubt. In *Hackney,* an unqualified witness was permitted to testify as to the business practices of the Texas Highway Department of the State of Texas with the respect to the records kept by that agency as to ownership of vehicles. *Id.* at 338. The defendant in the *Hackney* case was convicted of robbery and there was full and complete evidence apart from the tainted evidence to convict the defendant without proving ownership. The court underscored that the ownership of the automobile was not involved as an element of the criminal offense with which the defendant was charged. *Id.* at 339–40. In this case, the ownership of the stereo set is an essential element of the offense of this case in that the appellant was charged with the wrongful taking of the stereo from its owner. There was no overwhelming evidence as to the ownership since it was limit-

ed to the testimony of the complainant and her husband. I am unable to conclude beyond a reasonable doubt that the error complained of could not have affected the verdict in this case. *See Reed v. State,* 586 S.W.2d 870 (Tex.Cr.App.1979); *Gassett v. State,* 532 S.W.2d 328 (Tex.Cr.App.1976).

I would reverse and remand the cause.